## Spangler's Adm'r v. City of Middlesboro.

Dec. 21, 1945.

F. R. Whalin and H. L. Bryant for appellant.

H. F. White and W. L. Hammond for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This is an action for wrongful death under section 411.130 KRS, based on the alleged negligence of the City of Middlesboro in permitting dangerous defects in its streets.

There is a natural stream flowing along the West side of twenty-fifth street which crosses Exeter Avenue at the intersection of the two streets. In improving Exeter Avenue the city constructed a concrete culvert across Exeter Avenue at this intersection so that the flow of the water would pass under it. The top of this culvert constitutes a part of the surface of twenty-fifth street and is used by the public as a part of that street. There is no guard rail or other protection at the end of the culvert, and the top of the culvert is eight or ten feet above the bed of the stream.

On February 17, 1944, Peggy Joyce Spangler, an infant six years of age, and her sister, while walking home from school, approached this intersection when the whole surface of the street at that point was covered with approximately six inches of water which had been caused by a freshet or flash flood. Child-like they began to wade and play in the water and Peggy Joyce walked off the unprotected end of the culvert and was immediately swept through it and drowned. Due to an accumulation of debris her body was not recovered until several hours later.

On December 30, 1944, an administrator was appointed for the estate and on February 9, 1945, he brought this action charging the city with negligence in the construction and maintenance of the culvert.

The notice to the city, required by section 411.110 KRS, to be given within ninety days of the accident, was not given within the time specified, and the petition contained no allegations in respect of such notice. The city's demurrer to the petition was sustained on the authority of Galloway v. City of Winchester, 299 Ky. 87, 184 S. W. 2d 890.

The administrator urges that the ninety day notice to the city is not a prerequisite to an action against a city where death results from the injury.

The determination of this question requires proper construction of section 411.110 which reads as follows:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practice. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

So far as we have been able to ascertain, this court in construing this statute has only considered cases where the injuries did not result in death. It is quite apparent that the chief purpose of the statute is to give the city an opportunity to investigate the cause of the accident and to determine the condition of the defect complained of, at or about the time of the accident, as well as to permit an examination of the injuries alleged to have been sustained by the claimant. These reasons do not apply with such force where the injury resulted in death. For instance, the necessity of a prompt examination of the injured party to determine the nature and extent of the injuries would be obviated. Also an accidental death is subject to the official investigation of the coroner's inquest for the purpose of determining the cause. Such investigation and inquiry is required to be made promptly.

Turning now to the wording of the statute we find that it is limited to "any injury growing out of any defect * * *," and that the notice must contain the statement that the "person injured will claim damages * * *."

In this state the cause of action for wrongful death accrues to the estate of the deceased and the measure of damage is the destruction of the deceased's power to earn money. See section 411.130 KRS. When a personal representative has been regularly appointed his authority to bring the action for wrongful death is exclusive. See City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212, 35 L. R. A., N. S., 207.

The authorities of other jurisdictions bearing on this question are not altogether in harmony although the diversity is sometimes the result of a difference in statutes. In 38 Am. Jur. page 393, section 688, there is a clear and concise discussion of the question under consideration. We quote:

"In some jurisdictions, the requirement of notice of claim to a municipality within a time fixed by statute, as a prerequisite to an action for personal injuries incurred as a result of the alleged negligence of the municipality, is held not to apply to actions by an administrator, family dependents, or next of kin under the so-called 'wrongful death statutes,' which give to such persons the right of action not had at common law. These authorities hold that the right of action does not accrue until the injury results in death, and when it does arise it belongs not to the injured person but to third persons. The fact that death may not occur until the time for giving notice under the statute has elapsed is another reason given for refusing to hold the statute applicable to death actions."

A reference to the annotation in 64 A. L. R. at page 1060 shows that the above statement is supported by cases from Illinois, Kansas, Maine, Minnesota, Utah and Wisconsin. The courts of New York have reached a different conclusion, but there the statute provides that the notice must be given "within six months after such cause of action shall have accrued," and since the cause of action for wrongful death accrues at the time of the death, a clear distinction may be made. In this state the statute requires that the notice must be filed within ninety days of the "occurrence" for which damage is claimed, and if it should be held that this notice was necessary to the maintenance of an action for wrongful death, it is conceivable that where the injury occurred more than ninety days before death and before the appointment of an administrator for the estate, the action for damages might be precluded.

The majority rule is supported by reason and justice and we have concluded to follow it, and hold that the statute requiring the ninety day notice does not apply to actions for wrongful death. The case is accordingly reversed for proceedings consistent with the views herein set forth.