**Blanche Mae Dyson LEWIS, Natural Confirmed Tutrix of Shelia Walker Lewis, an Infant, Plaintiff-Appellant,**

v.

**Thomas E. HARPER, Defendant-Appellee.**

**No. 17041.**

United States Court of Appeals
Sixth Circuit.

Jan. 12, 1967.

Francis T. Goheen, Paducah, Ky., (Boyd & Boyd, Paducah, Ky., on the brief), for appellee.

Frank S. Bruno, New Orleans, La., for appellant.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The plaintiff-appellant is an infant, residing in Louisiana. Plaintiff and her mother were involved in an automobile accident in Kentucky, resulting in personal injuries to the plaintiff and the death of her mother. Suing through her naturally confirmed tutrix, plaintiff filed this action in Kentucky, seeking to recover for her own personal injuries and for the wrongful death of her mother.

Senior District Judge Roy M. Shelbourne sustained a motion to dismiss the complaint insofar as it asserted a claim for the wrongful death of the mother, on the ground that plaintiff lacks the capacity to maintain an action for wrongful death, since she is not the personal representative of decedent. The action for personal injuries of the infant plaintiff is still pending in the district court.

 Under the constitution and statutes of Kentucky, an action for wrongful death can be maintained only by the personal representative of the decedent.[1] Section 241, Constitution of Kentucky;

KRS 411.130; Spangler's Adm'r. v. City of Middlesboro, 301 Ky. 237, 191 S.W.2d 414; City of Louisville v. Hart's Adm'r., 143 Ky. 171, 136 S.W. 212, 35 L.R.A., N.S., 207.

 Under these authorities, the action for the wrongful death of plaintiff's mother cannot be maintained by plaintiff or by her natural tutrix.

The order of the district court dismissing the complaint insofar as it seeks recovery for wrongful death is affirmed.

---

1. There are two exceptions under Kentucky law to the requirement that an action for wrongful death must be brought by the personal representative. The first allows the beneficiaries under the statute to bring the action in their own names, when the personal representative has refused to bring the action. Mc-

Lemore v. Sebree Coal & Mining Co., 121 Ky. 53, 88 S.W. 1062. The second is where there was fraud and collusion on the part of the personal representative and the person sought to be made liable for the death. Leach v. Owensboro City Ry. Co., 137 Ky. 292, 125 S.W. 708.