**In re Sandra L. BIRKENSHAW, Administratrix of the Estate of Arthur R. Birkenshaw, Deceased, Plaintiff/Appellant,**

v.

**The UNION LIGHT, HEAT AND POWER COMPANY, Defendant/Appellee.**

No. 93–SC–1022–CL.

Supreme Court of Kentucky.

Dec. 22, 1994.

Dennis A. Becker, Becker, Reed, Tilton & Hastings, Cincinnati, OH, for plaintiff/appellant.

Gary J. Sergent, O'Hara, Ruberg, Taylor, Sloan and Sergent, Covington, for defendant/appellee.

STUMBO, Justice.

The United States Court of Appeals for the Sixth Circuit has requested certification pursuant to CR 76.37 of two (2) questions of law. The operative facts as set forth by the Sixth Circuit are as follows:

On May 16, 1989, Arthur Birkenshaw was driving southbound on an interstate highway in Campbell County, Kentucky. An automobile owned by defendant, The Union Light, Heat and Power Company, and operated by one of its employees, crossed the center line of the highway, striking and fatally injuring Birkenshaw.

Birkenshaw's widow, Sandra Birkenshaw, who is also the administratrix of decedent's estate, subsequently brought an action for damages under the Kentucky Wrongful Death Statute, KRS 411.130, in the United States District Court for the Eastern District of Kentucky. Jurisdiction was premised on diversity of citizenship.

Defendant, Union Light, Heat and Power Company, conceded liability. The parties then stipulated to a jury trial, solely on the issue of damages.

Birkenshaw was killed in the course of his employment for an Ohio corporation. By operation of the Ohio workers' compensation statute, his widow is entitled to a benefit of $390 per week until she remarries and for two years thereafter. Under Ohio law, as it existed at the time of the death, there is no requirement that the state compensation fund be reimbursed in the event of a damage recovery by the widow in a wrongful death action.

Prior to trial, Birkenshaw moved *in limine* to exclude evidence that she was eligible for, and had been receiving, workers' compensation payments. The district judge denied this motion, relying upon KRS 411.188(3), which reads in pertinent part as follows:

> Collateral source payments, except life insurance, the value of any premiums paid by or on behalf of the plaintiff for same,

and known subrogation rights shall be an admissible fact in any civil trial.

The district court determined that the benefits afforded plaintiff fell within the purview of the statute.

At trial, Birkenshaw offered evidence of projected earnings that could have supported a judgment in excess of $800,000. Over objection, the Defendant was allowed to present evidence that, based upon her life expectancy, she might receive $474,552 in workers' compensation benefits. This is the collateral source testimony that is in controversy. The jury ultimately returned a verdict of $373,787.93.

Birkenshaw appealed, challenging the constitutionality of KRS 411.188(3) as well as challenging whether the workers' compensation payments at issue qualified as collateral source payments under the applicable Kentucky statute.

On appeal, a panel of the United States Court of Appeals for the Sixth Circuit concluded that the Kentucky statute was constitutional [1] and that the payments in question constituted payments from a collateral source. However, the panel went on to hold that in a diversity action a federal court was not bound to follow the Kentucky statute, and that under the Federal Rules of Evidence, these collateral source payments should have been excluded as not relevant.

A petition for rehearing *en banc* was filed by the defendant and was granted. Because the Kentucky statute does not define "collateral source," and there are no Kentucky appellate decisions construing the term within the context of a wrongful death action brought under Kentucky law, the request for certification of law was made.

The specific questions presented to this Court are as follows:

(1) Are workers' compensation benefits paid to a widow as a result of her husband's work-related death to be considered payments from a "collateral source" as referenced in KRS 411.188(3) in a wrongful death action brought by the widow under the Kentucky Wrongful Death Statute?

(2) Is the answer to question one (1) affected by the fact that the workers' com-

---

1. The Kentucky Supreme Court has not passed on the constitutionality of this statute.

pensation payments were paid by the State of Ohio and that under Ohio law, as it existed at the time the payments were made, there is no right of subrogation so that if the widow recovers from a third-party tortfeasor in a wrongful death action there is no obligation to reimburse the workers' compensation fund for any payments previously made or to be made in the future?

We answer both questions in the negative.

■ It has long been recognized that the measure of damages for a wrongful death under the Kentucky Wrongful Death Statute is "the value of the destruction of the power of the decedent to earn money. The existence and status of survivors has no bearing on the calculation of this value." *Adams v. Davis*, Ky.App., 578 S.W.2d 899, 902 (1979). The action itself is prosecuted by the personal representative of the deceased. KRS 411.130(1).

■ As stated in *Spangler's Administrator v. City of Middlesboro*, 301 Ky. 237, 191 S.W.2d 414 (1945), a cause of action for wrongful death accrues to the estate of the deceased. Once a recovery is made in such an action, payment of same is governed by KRS 411.130(2) to the kindred of the deceased as set forth in the statute without any requirement of dependency being shown.

■ This Court held in *Ohio Casualty Insurance Company v. Ruschell*, Ky., 834 S.W.2d 166, 170 (1992):

In Subsection (2) two of KRS 411.188, as quoted above, the threshold question is not just whether there has been payment for something from a collateral source, but whether the payment is for an element of damages included in the tort action.

Thus we are faced with a clear-cut issue, whether benefits paid to the widow pursuant to workers' compensation statutes in her individual capacity as a claimant is payment from a collateral source for an element of damages in the tort action brought by the decedent's estate.

As in Kentucky, Ohio workers' compensation benefits are payable to a surviving spouse who is dependent upon the deceased worker. O.R.C. § 4123.59; KRS 342.075. Kentucky and Ohio also provide that upon the remarriage of a dependent spouse, said spouse will receive an amount equal to two (2) years' worth of compensation benefits in a lump sum. O.R.C. § 4123.59(B)(1); KRS 342.730(3)(e).

We must also consider that if the decedent had had no statutory dependents, there would have been no benefit payable from the Ohio Workers' Compensation Fund, excepting the statutory allowance for funeral expenses. Additionally, had Sandra Birkenshaw, herself, died in the months or years since her husband's death, her right to benefits would have been foreclosed at the time of death and thus no further workers' compensation benefits would have been payable. Because the benefits at issue are not payable in any event to the estate of the decedent, they cannot be considered an element of damages payable to the estate as required by *Ohio Casualty Insurance Company v. Ruschell, supra*. To admit evidence of the payment of the workers' compensation benefits to the dependent widow simply injected irrelevant evidence into the determination of the loss to the decedent's estate through the destruction of the power to labor and earn money.

Thus it is clear to this Court that the payment of workers' compensation to Sandra Birkenshaw, as widow claimant, from the Ohio Workers' Compensation Fund is not a "collateral source benefit" paid to or for the benefit of the estate of the decedent and, thus, is not a collateral source benefit within the purview of KRS 411.188(3).

Because we have determined that the workers' compensation benefits received by the widow are not to be considered payments from a collateral source, we need not address any further the merits of the second question other than to say that the fact that there was no subrogation right is irrelevant to the determination of the first.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

SPAIN, J., dissents.