## Leachman v. City of Louisville.

(Decided Oct. 19, 1937.)

RAYMOND C. ARNY for appellant.

GAVIN H. COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Owen Leachman sued Dolin C. Cornwell and the city of Louisville for personal injuries. Recovery was sought against Cornwell on the ground that he operated a Ford sedan in a negligent manner, thereby causing it to run into and collide with the sedan in which plaintiff was riding. Recovery was sought against the city on the ground that it negligently and carelessly allowed to exist in a dangerous and defective condition a brick column at the northwest corner of Twenty-Fifth street and Bolling avenue. Cornwell made no defense, and the jury returned a verdict against him for $3,686. At the conclusion of the evidence for plaintiff the court sustained the city's motion for a peremptory instruction, and judgment was entered accordingly. Leachman appeals as against the city.

Briefly, the facts are: Twenty-Fifth street in Louisville is intersected at right angles by Bolling avenue. The land facing Bolling avenue west of the point of intersection was originally laid out as a subdivision and called Astoria place. On the northwest and southwest corners of the intersection were two ornamental brick columns or pillars, on each of which is a stone or

cement plate bearing in raised letters the words "Astoria Place." On the afternoon of June 20, 1935, Leachman was in an automobile belonging to Mrs. Cook, and being driven west on Bolling avenue by her son, Franklin. As they approached the intersection of Bolling avenue and Twenty-Fifth street they were going between 20 and 25 miles an hour. When about halfway across the intersection Cornwell's car was seen approaching at between 30 and 40 miles an hour. On perceiving the imminence of a collision, Leachman threw his hands to his face, and Franklin Cook put his foot on the accelerator and increased the speed of his car. At the same time Cornwell, who was approaching from the left, cut his car to the left in an effort to avoid the accident, but was unsuccessful. Instead his car hit the machine in which Leachman and Cook were riding at a point near the northwest corner of the intersection. The right front part of the Cornwell car struck the left rear portion of the Cook car, and threw it against the brick column on the northwest corner of the intersection. The impact was so great that it was heard a half block away, and both Leachman and Cook were thrown clear of the car and onto the street. The column set on a concrete base 2 feet high and about 2 feet each way. Above the base the column was of brick. On top of the brick was a stone plate. The column was about 10 feet tall, and was located a few inches from the curb. In addition to several bruises, Leachman's leg was broken and the stone top was found lying on his leg. Several witnesses testified concerning the condition of the column. According to J. C. Pfeiffer, he swept the sidewalk in front of the column a number of times and noticed mortar out of the bricks. According to Robert Allison, the top of the column leaned about 3 inches. Occasionally he noticed some plaster and stone on the sidewalk, but whether it came from the column or not he did not know. Harry W. Scœte testified that the column leaned a little to the south, and a plumb line dropped from the top of the column would make it out of line about 4 inches. The mortar between the bricks on the inside of the core was not all right, but the mortar and brick on the outside were all right. The evidence of these witnesses was considerably shaken by cross examination.

It may be conceded that, where independent causes concur or contribute to an accident which could not have resulted from either alone, they are "proximate causes"

thereof, and the parties responsible for such concurring and contributing causes are severally and jointly liable for injuries. Criswell v. City of Jackson, 257 Ky. 222, 77 S. W. (2d) 622; American Stone Ballast Company v. Marshall's Adm'r, 206 Ky. 133, 266 S. W. 1051. The question is, Was there concurring negligence on the part of the city? The argument is that there was some evidence that the pillar was in a dangerous and defective condition, and therefore the case falls within the doctrine of City of Bowling Green v. Peterson, 199 Ky. 311, 251 S. W. 187. There the plaintiff was walking along the sidewalk. On the edge of the street next to the sidewalk was a wooden trolley pole some 12 feet high and some 8 inches in diameter at the bottom. The pole was so rotten that it was likely to fall at any time, and its condition was obvious to casual inspection. A wagon loaded with green fodder, piled crosswise, was passing along the street by the pole. The ends of the fodder swiped against the pole, which broke, fell, and injured plaintiff. Liability was predicated on the ground that the pole was in a dangerous condition and likely to fall at any time, and did fall with the application of very slight force, which might have been anticipated. While in the case at bar there was some evidence indicating that the mortar between the bricks was loose, and that the pillar was slightly out of plumb, there was no evidence tending to show that the pillar was likely to fall at any time, or would fall by the application of slight force. On the contrary, the case is one where the pillar was demolished by the application of force so great that the impact was heard for about a square. Before a city can be held liable in a case of this kind, the location or condition of the pillar must have been such that ordinarily prudent persons would anticipate injuries therefrom to some one using the streets in the ordinary way. It would be going far to say that, because the pillar was near the street, or that some mortar had come from between the bricks, the city should have anticipated that a car might have been struck by another car in such a way as to cause it to come in contact with the pillar and cause the pillar to fall. Before a telephone company may be held liable for misplacement of a telephone pole, it must be made to appear that the pole was maintained upon or so near the highway as to interfere with the ordinary use thereof by the traveling public, Southern Bell Telephone Company v. Edwards,

253 Ky. 727, 70 S. W. (2d) 1, and of course the liability of a city is no greater. Here the position of the pillar was not such as to interfere with such travel. In the circumstances we are constrained to the view that neither the position nor the condition of the pillar was such as to impose liability on the city. Cundiff v. City of Owensboro, 193 Ky. 168, 235 S. W. 15; Fiechter v. City of Corbin, 254 Ky. 178, 71 S. W. (2d) 423.

Judgment affirmed.