## City of Irvine et al. v. Cox.

Feb. 18, 1944.

Shumate & Shumate for appellant.

John W. Walker for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The injuries to recover damages for which appellee, and plaintiff below, brought this action in the Estill circuit court against appellants, as defendants, occurred on March 17, 1942 at about one o'clock P. M. Her injuries resulted from a fall produced by alleged defects in the concreting in front of a building whereby plaintiff was caused to fall thereon after making two steps from the foot of a stairway she was descending adjoining the concrete and a part of a building owned by the defendant, Broaddus. It is alleged in the petition that the concreting in front of the building between it and the curb is sixteen feet wide. It is further alleged by plaintiff that the concrete in front of the building, of the width stated, was wider than the regular municipally maintained sidewalk on that side of Broadway Street in the city of Irvine, but that the "City of Irvine and the defendant, B. S. Broaddus, had maintained said concrete sidewalk in front of and adjacent to said building." In apparent contradiction thereof it is also alleged: "That the extra width of it (sidewalk) adjacent to the front wall and doors and entrances to said building is and was, on the date hereinafter mentioned, and has been for many years prior thereto, constructed and maintained by the owner of said building for the use and convenience of the owner and his tenants using said building and said sidewalk immediately adjacent thereto." It will thus be seen that so far as the pleading is concerned the facts with reference to the construction and maintenance of the concreting in front of the building, and between it and the curb, is so confused as to render it impossible to ascertain the facts, and reference to which attention will hereinafter be made.

At the time indicated plaintiff's sister resided in an apartment on the second floor of the Broaddus building and had shortly returned from a hospital where she was operated on for some affliction. Plaintiff, who was between 18 and 19 years of age, was a high school student attending the high school located in Irvine and she went on that morning to her sister's apartment to render the latter assistance where she remained administering to her sister and performing some chores around the latter's apartment until one o'clock P. M., when she descended the stairway for the purpose of attending school that afternoon. When she got to the bottom of the stairway she made two steps when, because of a de-

fect in the surface of the concrete, she was caused to fall and break her leg between the knee and the ankle causing the bone to protrude from the flesh. She suf-- fered considerable pain, incurred hospital and physicians' bills amounting to more than $450 to recover for which, plus her permanent injuries, physical and mental pain, etc., she seeks damages which she placed at the sum of $10,475.09.

The answers of each defendant denied all of the material averments of the petition, and averred contributory negligence on the part of plaintiff; the city interposing the additional defenses of the failure of plaintiff to serve the notice prescribed by section 411.- 110 of KRS within 90 days (or at all) following the sustaining of her injuries, although the action was filed and summons served on the mayor of the city some forty days thereafter. The question might also be considered as raised by the demurrer filed to the petition, but which the court overruled. However, the court ignored plaintiff's failure to give notice to the city of the facts specified in the statute, presumptively upon the ground that the filing of the action within the ninety days was itself notice and a substantial compliance with the statutory requirement. At the trial under the instructions of the court the jury returned a verdict against both defendants jointly for the sum of $1,000 which the court declined to set aside on motions for a new trial and from the judgment pronounced on the verdict defendants prosecute this appeal.

Inasmuch as the question of the giving of the statutory notice stands ''at the mouth of the gun,'' as affecting the action against the city, we have concluded to first determine it. The text in 38 Am. Jur., page 382, section 673, points out that courts everywhere sustain such enactments requiring notice ''on the ground that the liability of municipal corporations for tortious claims is only statutory in its origin and the Legislature may attach such conditions to the right to recover from the municipal corporation for the tort as it deems proper or expedient. In other words, since it is optional with the Legislature whether it will confer upon an injured person a right of action against a municipality, or leave him remediless, it can attach to the right conferred a limitation such as that of notice of claim,'' provided, however, the time for the giving of the notice is reasonable. On page 383 of the same volume, section 674, the

purpose and public policy lying behind the enactment of such a requirement is set forth. The next section on page 384 recites the holding of the courts with reference to the provisions of the statute as to what the notice shall contain. To the text a great many decisions from various courts of the Union are cited in which there are conflicting holdings, chiefly growing out of the difference in the wording of the particular statute of the respective jurisdictions; but all of them agree that the notice must substantially comply with the terms of the statute prescribing it. Some of the courts hold that such statutes are jurisdictional and is a condition precedent to plaintiff maintaining the action at all, the cause of the action expiring when the time passes for giving the notice.

The question as to whether or not the filing of an action within the time specified for giving notice satisfies the statute is discussed by the author in section 700, page 403 of the same volume, and from it we learn that the decisions are not in accord, some courts holding that the filing of the action within the time specified for the giving of notice is sufficient, whilst others hold to the contrary. The text cites annotations in 82 A. L. R., page 749, and annotations in 101 A. L. R., page 726, in which cases on different sides of the proposition are collected, but in the cases holding that the filing of the action within the time required for the giving of the notice there was also served on the specified officer of defendant a copy of the declaration, complaint or petition of plaintiff, wherein all of the information required by the statutory notice was set out. We, however, have found no case where the mere serving of a summons on the proper officer of the city *alone,* wherein it was held that the filing of the action within the time required for giving notice was a sufficient compliance with the statute.

The practice in some states expressly provide in all actions for a service of a copy of the plaintiff's initial pleading on the defendant, in connection with service of the proper writ or summons that might prevail in the particular jurisdiction. But under our practice a summons only cites the defendant to appear in court at some future day to answer a petition filed against him by the defendant which does not inform the latter of any particular complaint of plaintiff against him, in which case defendant's notice, if any, would be

purely a constructive one, of which he was bound to take notice arising from the facts, the same as one is bound by constructive notice furnished by recording statutes. We seriously doubt if any court would hold that the mere filing of the action would in such circumstances constitute a compliance with the objects and purposes of notice. That view is strengthened when we again turn to the volume, supra, page 395, section 391, in which it is said that: "The information generally required to be given in a notice of injury includes the time, place, and circumstances of the injury, * * *." Our statute prescribes that the notice shall state "the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city." The service of a bare summons as prescribed by our practice furnishes no such information.

Moreover, our statute (while not expressly saying so) clearly provides for a written notice, since it is required that it shall be given "to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practice." No such notice can be served in that manner by parole. Therefore, it necessarily follows that a written notice is required.

Since the publication of the volume of Am. Jur., supra, the case of Wiersma v. City of Long Beach, 41 Cal. App. (2d) 8, 106 P. (2d) 45, has been decided and in it the court held that the giving of notice was essential to the cause of action and that none arose in favor of plaintiff until such notice was given as, and with the contents prescribed by the statute requiring the giving of notice. But we need not rest our opinion in this case upon the holdings of other courts construing differently worded statutes, since the question has been before this court since the enactment of the statute in the two cases of Trietz v. City of Louisville, 292 Ky. 654, 167 S. W. (2d) 860, and Ballinger v. City of Harlan, 294 Ky. 72, 170 S. W. (2d) 912. In the Trietz case we held that the giving of notice was a condition precedent to the maintaining of the action against the city and that a letter written to the Mayor of the city, by plaintiff's attorney, did not fill the requirements of our statute with reference to the giving of notice, since the statute requires that the notice be served by an officer, and not to be evidenced by written letter addressed to the one

to be notified for and on behalf of the city. In the Ballinger case the precise question was in a way presented for determination. In that case the plaintiff filed an action within the ninety days within which the statute requires the giving of notice, and a summons only was served on the Mayor. The action was dismissed without prejudice after the expiration of time for filing notice, followed by the filing of a new, or second one. To the latter action the failure to give notice was relied on by the city but plaintiff sought to defeat that defense by alleging that a verbal notice had been given independently of the filing of the first action, and it was also contended by plaintiff that the filing of the first action within the time required fulfilled the purposes of the statute. But the trial court held otherwise and we affirmed the judgment, one of the members of the court dissenting.

That case, however, might have been rested on the ground that by the dismissal of the first action the plaintiff abandoned whatever notice effect its filing may have had. However, since in that action no copy of the petition was served or delivered to the municipal officer to whom notice is required, it, as we have hereinbefore seen, would not meet the requirements of the statute, but which might have been done had there been a copy of the petition served on the proper officer of the city. Counsel for plaintiff in his brief filed in this court, admits that the two domestic cited cases are adverse to, and stand in the way of his client's right of action against the city, but he urges that those opinions are erroneous and should be overruled. But that argument fails to convince us that we should follow his suggestion. In the first place the question was fully considered and determined in the two recent domestic cases referred to and we do not believe that the stability of the law should be so disregarded so shortly after the drying of the ink by which they are printed.

In addition thereto we are convinced from the authorities, supra, that the holding in our two opinions is in accord not only with those of the majority of the courts, but likewise in accord with the intention, object and purpose of such notice requiring statutes. Moreover, there is as much room for sustaining a contention that a parole notice—even where the giving of it is admitted—would be sufficient to comply with the statutes, although, as we have seen, the notice is required

to be in writing. Also it might be contended that the giving of notice (even a parole one) to the city attorney whose duty is to defend such an action would fulfill the purpose of the statute. If such contentions should be upheld by the courts it would result in whittling away the express requirements of the statute until there would be nothing left but the numbered section of the act in which the requirement was prescribed. We therefore conclude that the court should have sustained the defense of the city relying upon the absence of notice, and to have dismissed the action against the city, which brings us to the determination of the case as against defendant, Broaddus.

We find the evidence to be in a hopeless state of confusion upon these points: (a) Whether the city constructed and maintained, as a part of its public sidewalks, the entire width of the concrete between the Broaddus building and the curb, or whether that entire concreting was originally constructed prior to 1932 when Broaddus became the owner of the building, or whether such owner constructed and maintained only a part of it adjacent to the building for the benefit of those who occupied it; (b) If the portion adjacent to the building was constructed and maintained by the owner thereof for the benefit of its occupants, whether the defect in the concrete which caused plaintiff to fall was in such adjacent portion of the concrete, or whether it was located on that part of the sixteen feet width of the concrete maintained by the city as a public sidewalk. If the portion of the concrete immediately adjacent to the building was constructed and maintained for the benefit of its occupants, and not as a part of the sidewalk proper, *and* the defect complained of was located on that part of the concrete, then the liability of the defendant, Broaddus, would be governed by the principles of the law relating to Landlord and Tenant and not upon the principles applicable to an unnecessary burdening of the sidewalk by an adjoining owner. Nowhere in the testimony was it disclosed the width of the sidewalk on that side of Broadway Street after passing beyond the width of the Broaddus building in either direction. If the facts are that the defect in the concrete was located on that portion of it which had been constructed for the use of the building and its occupants, then clearly the city would not be liable in any event; but on the other hand if such defect was located on that part of the concrete

to be used for sidewalk purposes only, then the owner of the building would be under no obligation to maintain it, although such owner may have originally constructed it, since by so doing there would be no obligation incurred to thereafter maintain it, since that duty would then devolve upon the city.

It is true that in a colloquy during the progress of the trial one of the attorneys for defendants stated: "We will agree to stipulation that Doctor Broaddus owned the building since 1932, but not before that time * * *. And that this sidewalk described in the evidence was not built by Doctor Broaddus, but that it was there when he purchased it." Whereupon attorney for plaintiff stated: "That it was built there by a former owner of the building, is that what you mean to say?" to which Judge Shumate for defendants replied: "Well, it probably was. It was built there by his predecessor in title, but Doctor Broaddus had not built any part of it since he has owned it." Those statements by counsel in the presence of the jury and the court do not render it certain that any part of the concreting was originally constructed by the owner of the building. However, as we have stated, if it had been true, and thereafter all of the concreting was taken over by the city as a part of its public sidewalks, then no liability would accrue against the owner of the adjacent building growing out of defects therein, since the burden to keep it in repair rested upon the shoulders of the city. With the testimony in such obscure condition we fail to find any ground upon which liability could be predicated as against either defendant, due to the failure of the plaintiff to separate the portions of the concreting in front of the Broaddus building which each defendant was compelled under the law to maintain, and a failure to locate the complained of defect on the portion thereof exclusively under the control of any specified defendant.

If the facts, when accurately disclosed, would impose liability on Doctor Broaddus, because he failed to maintain in a reasonably safe condition that portion of the concrete in front of his building and constructed and maintained for the use of its occupants, then the duty he owed to maintain it for the safety of his tenants, or their invitees or licensees, would necessarily be based, as we have said, on principles applicable to the relation of Landlord and Tenant, which is pointed out in Stanley

on Instructions to Juries, section 476, page 572 to which is attached a long list of cases decided by this court.

The court instructed the jury, of which complaint is made, that it was the duty of Doctor Broaddus "to use ordinary care in maintaining the *sidewalk* adjacent to and in front of the concrete building described in the petition and evidence, and to keep said *sidewalk* in such condition and repair as not to interfere with the reasonable safety and convenience of the public *travel* on said *sidewalk* and when a break occurred in said *sidewalk* at said point, if it so did, it was the defendant's (Broaddus) duty to use ordinary care to repair said sidewalk * * *." (Our emphasis.) We have shown that no such duty devolved upon him, unless a portion of the concreting in front of his building was constructed and maintained *exclusively* for the convenience, use and benefit of the occupants of his building, and that he would not be under obligation to maintain that part of the concrete devoted exclusively to public sidewalk purposes. We therefore conclude that the motion of each defendant for a peremptory instruction in their favor should have been sustained—on behalf of defendant Broaddus for the reasons pointed out, and on behalf of the city for the same reason, plus the additional one that no notice was given to it within the time prescribed by our statute, supra.

Wherefore, the judgment is reversed as to each defendant with directions to dismiss the petition as against the city of Irvine, but for the purpose of a new trial as against the defendant, Broaddus, according to the principles hereinbefore outlined. Each party may amend their pleadings as relating to him upon a return of the case if desired.

Whole Court sitting.

Chief Justice Fulton and Judge Tilford dissenting from that part of the opinion holding that the filing of the action within ninety days did not constitute notice.