## Broaddus v. Cox.

Oct. 2, 1945.

502

Shumate & Shumate for appellant.

John W. Walker for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Reversing.

This is the second appeal of this case. See City of Irvine et al. v. Cox, 296 Ky. 680, 178 S. W. 2d 199, 203.

The defendant Broaddus (appellant) is the owner of a two-story concrete block building located on the south side of Broadway Street in the city of Irvine. On the ground floor are four separate storerooms, each facing on the street mentioned; on the second floor are apartments and offices. In front of the building, for its full width, is a concreted surface, referred to in the petition as a sidewalk, which is five feet in width and extends from the face or front of the building to a concreted ramp which covers all of the space between the sidewalk and the curb line of the street. The only means of access to the apartments and offices is a stairway, which begins at a door at the sidewalk, about the middle of the building. At a point some 12 inches distant from the doorway the sidewalk had been allowed to get in such bad repair as to be unsafe for use.

On the occasion complained of the plaintiff (appellee), who at the time was an invitee of one of the second floor tenants, came down the stairway, stepped out onto the sidewalk and onto the defective portion thereof, thereby sustaining injuries.

Conceiving that both the defendant city and the defendant owner of the building were legally liable for the defective and unsafe condition of the sidewalk and for her consequent accident and injuries, the plaintiff instituted the present action, wherein she sued them jointly.

The city defended upon two grounds: (1) that the concrete in question had been laid by the owner of the building to serve his tenants and their invitees; that it

had never been dedicated or accepted by the city as a sidewalk, and that the city was under no obligation to keep the same in repair; (2) that the plaintiff had not given written notice to it as required by KRS 411.110. The defendant Broaddus defended upon the ground that the concrete at the point of the accident was a part of the public sidewalk of the city and that he was under no obligation to keep it in repair.

Upon a trial of the case the plaintiff obtained judgment against the defendant city and the defendant Broaddus jointly in the sum of $1,000. In reversing that judgment, from which both defendants had appealed, we held that the notice required by KRS 411.110 was jurisdictional and that the plaintiff's failure to give it was fatal, for which reason the case was reversed as to the city, with instructions to dismiss the plaintiff's petition as to it.

With respect to the appeal by the defendant Broaddus we said that if the defect in the concrete was located on that portion of it which had been used for sidewalk purposes only, then the owner of the building would be under no obligation to maintain it, even though he had originally constructed it, as that would be a duty resting on the city. We closed our opinion in the following language: ''Wherefore, the judgment is reversed as to each defendant with directions to dismiss the petition as against the city of Irvine, but for the purpose of a new trial as against the defendant, Broaddus, according to the principles hereinbefore outlined. Each party may amend their pleadings as relating to him upon a return of the case if desired.''

Upon a return of the case to the lower court the plaintiff filed an amended petition. By the amendment, which was duly traversed by the defendant Broaddus, she withdrew from her former pleadings each and every allegation which was inconsistent with her amendment or which attempted to state a cause of action against the city, and averred that the stairway and the concreted surface in question were constructed and maintained exclusively by the defendant Broaddus and his predecessors in title, and that same were under his exclusive control. There were many other allegations in her amendment but in effect they constituted simply a repe-

tition of what had already been alleged in her original pleading.

With the record in the condition indicated the case again came on for trial, which resulted in a verdict and judgment in favor of the plaintiff in the sum of $484.09. From this judgment both the plaintiff and the defendant have moved for an appeal—it being the contention of the. plaintiff that the judgment is too small, while the defendant contends that he was entitled to a peremptory instruction.

The plaintiff's allegation that the concreted surface in question was constructed by the defendant or by his predecessors in title is conclusively sustained by the record. But her allegation that it has been maintained by him or by his predecessors in title is not supported by any evidence; and her allegation that it was under his control is merely a conclusion, without support either in law or fact.

Without extending this opinion to the extent of narrating the testimony, it is sufficient to say that according to the evidence the concrete at the point and place where the plaintiff met with her accident constitutes no part of the defendant's building. At that point it is simply what it was intended for and what it continuously has been used for ever since its construction in 1920—a public sidewalk. True, as plaintiff contends, access cannot be had to the stairway without using that portion of the walk which lies immediately in front of the entrance to the stairway. But the same could be said with reference to every business house or other property that abuts on a public sidewalk, and we know of no authority which holds that the property owner is under obligation to maintain a public sidewalk simply because it is necessary for his tenants or their invitees to use it in order to gain access to his property. And, as stated in our former opinion in this case, and as is practically the universal rule, the fact that the sidewalk was constructed in the first instance by the owner does not have the effect of imposing upon him an obligation of maintenance or repair.

In summary, since the place of plaintiff's accident was a public sidewalk and since it did not serve the defendant or his property or his tenants, except to the extent and in the sense that any public sidewalk serves the

property which abuts upon it, we are obliged to hold that on the authority of our former opinion the defendant was entitled to a peremptory instruction. See Webster v. Chesapeake & Ohio Ry. Co. et al., 105 S. W. 945, 32 Ky. Law Rep. 404, and authorities therein cited.

We have examined the plaintiff's cited authorities and find that they are not available to her under the facts before us.

For the reasons indicated the defendant's motion for an appeal is sustained and the judgment against him is reversed for a new trial consistent with this opinion. The order heretofore entered granting the plaintiff a cross-appeal is set aside and her motion for a cross-appeal is denied.