## Reibel v. Woolworth et al.

Nov. 30, 1945.

M. Joseph Schmitt and Allen Schmitt for appellant.

Doolan, Helm, Stites & Woods, Robert F. Vaughan, Richard Hill, Lawrence G. Duncan, Robt. Hogan, and Allen, McElwain, Dinning & Clark, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Mrs. Louise Reibel fell on the sidewalk in front of a Woolworth store, located on the Bardstown Road, in Louisville, on April 24, 1943, and sustained painful injuries. A block of the concrete sidewalk at the entrance next to the property line had settled an inch or so below the level of the pavement, and it appears that Mrs. Reibel caught her shoe or was otherwise caused to fall because of the defect. She filed a suit for damages against the City of Louisville, the owner of the abutting property, his rental agent, his tenant, the contractor who had remodeled the building in 1941, the subcontractor who had put in the sidewalk, and the Louisville Water Company. She pleaded as to all of the defendants that they had the duty of maintaining the sidewalk in a safe condition, had actual or constructive knowledge of

the defect in it, and were negligent in permitting the defect to remain unguarded.

Special and general demurrers of the City were sustained because there had been no notice given of the accident and claim as required by Kentucky Revised Statutes 411.110. The appellant argues that it was sufficient to avoid the effect of the statute that the City had knowledge, actual or constructive, of the unsafe condition of the sidewalk and was negligent in respect thereof. In the first place there is neither pleading nor proof of this, but if there were it would not help the appellant, for the giving of notice is a condition precedent to maintaining the action. Treitz v. City of Louisville, 292 Ky. 654, 167 S. W. 2d 860; Ballinger v. City of Harlan, 294 Ky. 72, 170 S. W. 2d 912; Galloway v. City of Winchester, 299 Ky. 87, 184 S. W. 2d 890.

The court sustained demurrers of the owner, John M. Schmitt, the general contractor, Joseph C. Dahlem, and the Louisville Water Company, and dismissed the petition, as amended, as to each of them upon the plaintiff declining to plead further.

In addition to the general charges of negligence against F. W. Woolworth Company, the tenant, it was specifically pleaded in an amended petition that the defective sidewalk adjoined a vestibule of the store building and that the company owed the duty to its invitees and customers, of whom the plaintiff was one at the time she fell after leaving the store, to provide a safe entrance and had failed to do so. The demurrers were sustained to the petition and two amendments, but the third amendment stated that the defective paving extended "onto the tile portion of the vestible or entrance of said store, and that the sunken portion of the sidewalk actually extended twelve or more inches into the tile walkway, forming the entrance in front of the door of the store." The company then traversed and pleaded contributory negligence.

The Loop Realty Company, rental agent, withdrew its demurrer and traversed the allegations of the petition and pleaded contributory negligence.

The subcontractors, Koch Brothers, were charged with being also negligent in constructing the sidewalk and thereby contributing to bringing about plaintiff's

damage. Their demurrer being overruled, they traversed and pleaded contributory negligence.

A trial was had against the Woolworth Company, the Loop Realty Company, Dahlem, and Koch Brothers. At the conclusion of the plaintiff's evidence a peremptory instruction was given the jury to return a verdict for the defendants. The plaintiff has appealed the case against all of the defendants originally named, except Dahlem, the owner.

Other than to prove the plaintiff's fall and injury, the evidence showed the defect or sinking of the block of paving had probably been caused by a leak in the water pipe of the Louisville Water Company which had softened the earth and caused the block to settle. No part of the sidewalk extended within the vestibule or any portion of the store building. The City may have been liable for damages resulting from the defect in the pavement, but, as we have said, it was properly let out because of the absence of notice of the accident and claim. The owner or occupant of the abutting property has no common law duty to keep the sidewalk in repair unless he created the defective or dangerous condition by some affirmative act. Equitable Life Assurance Society v. McClellan, 286 Ky. 17, 149, S. W. 2d 730. This is so although it is necessary for his tenants or invitees to use it in order to enter or leave the premises. Broaddus v. Cox, 300 Ky. 501, 189 S. W. 2d 726. There is some evidence that the manager of the tenant store knew of the defect and had reported it to the rental agent. But we do not conceive any implied or imputed duty upon the rental agent to the plaintiff. Even so, its liability could not rise higher than that of the owner. The contractor who put in the paving, called by the plaintiff to testify as as to how it had been constructed in 1941, unequivocally and clearly described the manner in which it had been built and established freedom from negligence in that particular. This, of course, resulted in failure to attach negligence upon the general contractor who remodeled the building. As to the Louisville Water Company, in addition to including it among all of the defendants charged with negligence generally, it was pleaded in an amended petition that the Water Company, in joining the city sewer line to the plumbing provided for the property line, was negligent, "thereby causing a leak and contributing to cause the unsafe condition aforesaid." Of course, there

was no duty in law of the Water Company to maintain the sidewalk in good condition so the mere allegation that it was is only a bad conclusion. Any legal liability for negligence rests upon proximate cause of the damage and not a mere contributing cause unless that was an efficient concurring cause, that is a cause which was operative at the time of the injury and acting contemporaneously with another cause, negligently created, to produce the injury. Stacy v. Williams, 253 Ky. 353, 69 S. W. 2d 697; Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S. W. 2d 708; Leachman v. City of Louisville, 270 Ky. 260, 109 S. W. 2d 614. A mere allegation that an act of the defendant "contributed to cause" plaintiff's injury is not sufficient to state a case.

The rulings of the court were proper and the judgment is affirmed.