RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1101-MR

CURTIS GRACE                                                            APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 20-CI-02113

KEITH NATIONAL CORPORATION                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE: The Appellant, Curtis Grace, filed the underlying premises

liability claim against the Appellee, Keith National Corporation ("Keith

National"). The Fayette Circuit Court summarily dismissed Grace's complaint on

the basis that Keith National did not own the property. Having reviewed the record

and being otherwise sufficiently advised, we affirm.

# I. BACKGROUND

On July 19, 2019, at approximately 9:00 p.m., Curtis Grace was walking near the corner of West Main Street and Newtown Pike in Lexington, Kentucky, when he was struck with the urgent pangs of an overfilled bladder. In short order, he left the sidewalk and his companion behind in search of a safe location to relieve himself, and he thought that he found one. To reach the place in question, Grace traversed a narrow, grassy area that hosted a few utility poles and guy wires; to the right of it was a concrete wall perhaps three feet high, topped by a line of thick, trimmed hedges several feet higher. Grace proceeded parallel to the wall, where the grassy area continued to what was perhaps a five-foot gap between the wall and, standing perpendicular to it, a long metal guardrail. The grass up to the point of the guardrail had been mowed; and, as Grace represents to this Court in his reply brief, the "trimming and mowing made the area look appealable [sic] to Appellant to provide him a shielded area to relieve himself."

As such, Grace ventured through the gap, into the slightly overgrown vegetation beyond, and continued the few more yards toward his chosen spot – just past where the wall and hedges on his right ended, where he believed a quick step down from the slightly overgrown vegetation and a small ledge would lead him to some leafy, private bushes. Unfortunately, what Grace regarded as leafy, private bushes were the tops of trees; what he believed was a small ledge was the top of a

retaining wall; and what he believed would be a quick step down was a thirteen-foot drop. Grace fell, sustained injuries, and months later filed a negligence action in Fayette Circuit Court against Keith National, whom he regarded as the property owner.[1]

Following a period of motion practice and discovery, the circuit court dismissed Grace's case. In its order granting Keith National's summary judgment motion, it explained the unrebutted evidence of record demonstrated Keith National was not the owner of the property in question, nor in legal control of it. Rather, as demonstrated in an affidavit and map provided by Keith National's expert engineer and surveyor, Tom Hatfield, the land Grace had traversed and eventually fallen upon was part of a recorded right-of-way in favor of the Commonwealth of Kentucky, Department of Highways, which *abutted* Keith National's property. Furthermore, the circuit court rejected Grace's alternative argument that Keith National had effectively and voluntarily assumed responsibility and liability for the condition of the right-of-way by maintaining some of the grass in that location.[2] This appeal followed.

---

[1] Grace also filed suit against another entity, Keith Monuments Company. His suit against Keith Monuments Company was dismissed and, as evident from the caption of this opinion, that entity was not named as an appellee.

[2] Keith National also moved for summary judgment on the basis that, assuming it could be considered a landowner of the property in question, Grace was a trespasser. The circuit court did not address this point, nor do we.

## II. STANDARD OF REVIEW

As discussed, Grace's allegations of error emanate from the summary dismissal of his negligence claim.  In weighing the foregoing allegations of error:

> "[t]he standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002).  Summary judgment is only proper when "it would be impossible for the respondent to produce any evidence at the trial warranting a judgment in his favor." *Steelvest, Inc., v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).  In *Steelvest*, the word "'impossible' is used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).  In ruling on a motion for summary judgment, the court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480.  A party opposing a summary judgment motion cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Id*. at 481.

*Ryan v. Fast Lane, Inc.*, 360 S.W.3d 787, 789-90 (Ky. App. 2012).

> "Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists.  So, we operate under a de novo standard of review . . . ." *Adams v. Sietsema*, 533 S.W.3d 172, 177 (Ky. 2017) (quoting *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013)).

*Phelps v. Bluegrass Hospitality Mgt., LLC*, 630 S.W.3d 623, 627 (Ky. 2021).

## III. ANALYSIS

On appeal, Grace maintains that Keith National was responsible for the condition of the right-of-way, and his argument to that effect is three-fold. First, Grace asserts Keith National should have foreseen that someone could have been injured there. In support, he notes that one deposed[3] witness had indicated vagrants had been spotted in the area from which he fell; and he also points to a picture of the area, which he believes depicts a "well-trodden path"[4] created by the vagrants. However, to prove premises liability negligence, the onus is upon the claimant to prove "duty, breach, causation, damages." *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015). Here, the circuit court summarily dismissed Grace's claim against Keith National based upon what it deemed was his failure to evince the "duty" aspect of his claim. And, if Keith National owed no legal duty to Grace relative to the area of his fall, it is irrelevant whether Keith National should have foreseen that someone could have been injured there.

---

[3] Grace and other witnesses were apparently deposed below, but none of their depositions were made a part of the certified appellate record. All that is available to this Court in that regard are pages of depositions that the parties attached to their various motions and responses as exhibits.

[4] The picture of what Grace characterizes as a "well-trodden path" depicts a close-up of a utility pole to the left; the concrete wall and hedgerow approximately three feet to the right; and a thick ground covering of brown and green crabgrass stretching perhaps six feet beyond that point. Proceeding from there, the "path" is several feet long, consisting of several more feet of ankle-to-shin-high weeds and scrub, terminating in a location where two guy wires are hooked into the ground, and where the top of the retaining wall – from which Grace fell – presumably is found. A canopy of foliage is beyond it. From the angle of the picture, the top of the retaining wall is apparently covered with the same consistency of weeds and scrub leading up to it.

Second, Grace argues that "Unbeknownst to Appellant, the mowing, trimming, and maintenance of the area was performed by Keith National and had been performed by Keith National *since its purchase of the property* in 1997." (Emphasis added.) It is without question that a landowner owes certain common law duties to individuals on its property. However, the unrebutted evidence of record demonstrates Keith National was *not* the record landowner of the property at issue in this matter, and there is no contention of adverse possession. The ownership of the property is not in dispute for purposes of this appeal, and the maintenance of rights-of-way held by the Department of Highways is a responsibility devolving upon that agency. Indeed, removing or pruning vegetation on a right-of-way held by the Department of Highways requires permission from that agency.[5,6] Apart from that, Grace presents no authority supporting that a decades-long practice of sporadic mowing on another's property can imbue a non-owner with ownership responsibilities.[7]

---

[5] *See generally* 603 Kentucky Administrative Regulation (KAR) 5:155.

[6] Jim Stamper was the contractor who performed landscaping for Keith National since it acquired ownership of its abutting property. Stamper testified he mowed the grassy area at issue up to the guardrail once every Sunday; that he trimmed the hedgerow topping the concrete wall "once a year probably, maybe twice;" but that he was unaware of who owned the grassy area or hedgerow, and that no representative of Keith's ever told him to do that work. As Grace represents on page 7 of his appellate brief, those areas "would also be in the right-of-way, according to Keith National's surveyor."

[7] Even in the adverse possession context, sporadic mowing – even when paired with the payment of taxes on the property – "has been held insufficient adverse holding to acquire title[.]"

Third, Grace asserts "[b]y continued maintenance of the area in question, Keith National not only gave the impression of a safe area free of hazards, its landscaping also hid the dangerous drop off." Grace is arguing Keith National created a hazard on public property by mowing the grassy area up to the guardrail and trimming the hedgerow that topped the concrete wall. In other words, Grace's contention is that this level of groundskeeping created a particularly enticing area to one such as himself in search of a safe and private outdoor area to urinate.

We disagree. As an aside, our courts have long held that the owner of property abutting a public right-of-way is liable to persons injured in consequence of a dangerous condition of the right-of-way created by some affirmative act of the owner or by some act of negligence on his part constituting a nuisance. *Equitable Life Assur. Soc. of United States v. McClellan*, 286 Ky. 17, 149 S.W.2d 730, 732 (1941); *see also Rollins v. Satterfield*, 254 S.W.2d 925, 927 (Ky. 1953); *Reibel v. Woolworth*, 301 Ky. 76, 190 S.W.2d 866, 867 (1945); *Hippodrome Amusement Co. v. Carius*, 175 Ky. 783, 195 S.W. 113, 115-16 (1917); *Stephens' Adm'r v. Deickman*, 158 Ky. 337, 164 S.W. 931, 933 (1914); *Covington Saw Mill & Mfg. Co. v. Drexilius*, 120 Ky. 493, 87 S.W. 266, 267, 27 Ky. L. Rptr. 903 (1905).

---

*Phillips v. Akers*, 103 S.W.3d 705, 709 (Ky. App. 2002) (citing *Noland v. Wise*, 259 S.W.2d 46, 48 (Ky. 1953); *Vaughan v. Holderer*, 531 S.W.2d 520, 522 (Ky. 1975)).

Accordingly, there are occasions in which a property owner may be held liable for injuries occurring on adjoining public property.

Here, Grace is effectively inviting this Court to engage in speculation regarding his mental and other processes, asking us to assume that, but for Keith National's mowing and trimming, he would not have gone where he went.[8] However, assuming the law previously cited above applies in this context, it cannot be said that Keith National's sporadic mowing of the grassy area up to the guardrail and trimming of the hedges *created* a dangerous or defective condition, increased its risk, or placed Grace in a more vulnerable position. The dangerous condition at issue in this instance was the sheer drop-off from a retaining wall on public property abutting Keith National's property. And, while Keith National's mowing and trimming may have made the general area somewhat more aesthetically pleasing to passersby, Grace cites nothing of record demonstrating its work "hid" the drop-off or made it *less* visible than it would have been otherwise.

## IV. CONCLUSION

The circuit court committed no error in dismissing Grace's premises liability negligence claim against Keith National, as Keith National neither owned

---

[8]  To the extent it is pertinent, it is unknown what Grace believed or was thinking at any relevant time. He cites no evidence to that effect in his brief, nor is any such evidence part of the appellate record.

the premises upon which Grace was injured, nor created any injurious hazard upon it.  We therefore affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Kellie M. Collins
Taylor M. Shepherd
Lexington, Kentucky

BRIEF FOR APPELLEE:

R. Craig Reinhardt
Lexington, Kentucky