HENRY H. CLARK *vs*. INHABITANTS OF TREMONT.

Hancock.     Opinion April 16, 1891.

*Towns. Way. Damages. Vote. Action.*

A claim against a town for damages occasioned by a defective highway therein is without legal validity when no notice in writing, as required by the statute, has been given to its municipal officers.

The plaintiff brought an action upon a vote of the town to pay him damages under such circumstances. *Held:* That no controversy existed between

him and the town as to its legal liability; and that the vote is not binding upon the town, whereby an action can be maintained upon it.

ON REPORT.

This was an action against the town of Tremont for a sum of money promised the plaintiff, by its vote, on account of damages to his horse, claimed to have been caused by a defect in the highway in that town.

The writ contained a count on the town's promise in consideration of promise of, and actual forbearance by plaintiff, to sue; a similar count on the vote of the town, also account annexed, and the omnibus count. It was admitted by the plaintiff that he gave no written notice of the injury, &c., to the defendants, as required by R. S., c. 18, § 80.

After the plaintiff's evidence was closed, the presiding justice ordered a nonsuit to be entered, with an agreement that, if upon the evidence the law court should say the action could be maintained, the nonsuit should be taken off, and the case continued for trial.

*Hale and Hamlin*, for plaintiff.

Town may waive the statute notice. A meritorious claim, honestly made is a good consideration for a promise to forbear, &c., although a suit may not be maintained upon the original claim. *Turner* v. *Whidden*, 22 Maine, 121; *Wilton* v. *Eaton*, 127 Mass. 174; *Howe* v. *Taggart*, 133 *Id.* 284; *Nye* v. *Chace*, 139 *Id.* 380; *Brown* v. *Ladd*, 144 *Id.* 310; *Whitney* v. *Clary*, 145 *Id.* 156.

Same principle applicable to towns. *Bean* v. *Jay*, 23 Maine, 117; *Augusta* v. *Leadbetter*, 16 *Ib.* 45; 1 Dill. Mun. Corp. (3d Ed.) § 477; *Nelson* v. *Milford*, 7 Pick. 18; *Bancroft* v. *Lynnfield*, 18 Pick. 566; *Friend* v. *Gilbert*, 108 Mass. 408; *Matthews* v. *Westborough*, 131 *Id.* 521, p. 522; S. C. 134 *Id.* 555. Money voted to pay the claim, and not as a gratuity.

*Wiswell, King and Peters*, for defendants.

Counsel cited: *Hooper* v. *Emery*, 14 Maine, 375; *Westbrook* v. *Deering*, 63 *Id.* 231; *Tinsman* v. *Belvidere R. R.* 2 Dutcher (N. J.), 148 (S. C. 69 Am. Dec. 565); *St. Paul* v. *Laidler*,

2 Minn. 190 (S. C. 72 Am. Dec. 89); *Stetson* v. *Kempton*, 13 Mass. 272; *Opinion of the Justices*, 52 Maine, 598; *People* v. *Lawrence*, 6 Hill, 244; *Clark* v. *Des Moines*, 19 Iowa, 199 (S. C. 87 Am. Dec. 423).

LIBBEY, J.   The plaintiff seeks to recover of the defendant town the sum of two hundred dollars, which he alleges the town at its annual meeting in March, 1888, voted to pay him for damage to his horse, received as he alleges through a defect in the highway in said town.   The vote upon which his action is brought is as follows: " Voted to pay H. H. Clark two hundred dollars ($200,) for damage done his horse in April last in District No. 8."

It is not claimed by the plaintiff that he gave to the municipal officers of the town any notice in writing of the injury to his horse, and of his claim for damages, as required by the statute; so that the claim against the town for damages was without any legal validity.   Nothing had been done to render the town liable for damages.   At the time when the vote was passed, it is not claimed here that the legal liability existed against the town.   And the question presented is whether such a vote by a town when no legal claim exists,— when no controversy exists between the plaintiff and the town as to the legal liability,— is binding upon the town so that an action may be maintained upon it.

When a real controversy exists between a man and a town in regard to the facts necessary to be shown to create a liability on the part of the town, or the law that may arise upon the facts, the town may bind itself by its vote to compromise the existing controversy upon any question within its corporate powers.   But where no controversy exists between the town and an individual as to existing facts necessary to be shown, or upon the law involved, a town cannot by its vote bind itself by giving any particular sum to be raised by taxation upon its inhabitants, because it would be a mere gratuity, entirely outside of the power of the majority, and would have no binding force. So that the question involved here is whether there was a real

controversy between the plaintiff and the town in regard to the facts necessary to be shown by the plaintiff to constitute a legal liability on the part of the town.

To create such legal liability for damages resulting to person or property by reason of a defect in a highway, one of the essential facts necessary to be proved by the plaintiff is that he gave notice in writing to the municipal officers of the town, within fourteen days after the injury, stating the place where the accident occurred, the defect that had caused it, the nature and extent of his injuries and his claim for damages. Without such notice in writing, no liability exists. Here it is not claimed that the plaintiff claimed as matter of fact that any such notice had been given. There was no controversy, then, over an essential fact which must have been proved by the plaintiff to constitute a liability on the part of the town. The plaintiff in his testimony does not pretend that he made any claim to the town that he had given the notice required by the statute. Whatever claim he presented was presented without any claim of existing facts necessary to support it. Whatever vote was passed, then, giving to him any sum was passed without any controversy between the parties as to the legal liability of the town, and must be held to be a gratuity, voted by the majority to be satisfied by a tax upon the property of the inhabitants of the town. This was beyond the powers of the town and is not binding. Upon this point see *Matthews* v. *Westboro*, 131 Mass. 521; *Same* v. *Same*, 134 Mass. 555. The whole doctrine in regard to the power of the town to bind its inhabitants by a vote, like the one involved here, is fully discussed by this court in *Thorndike* v. *Camden*, 82 Maine, 39. And we think the doctrine therein declared is decisive of this case.                                      *Nonsuit to stand.*

PETERS, C. J. VIRGIN, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.