## Treitz v. City of Louisville.

Jan. 12, 1943.

Anna H. Settle for appellant.

Gavin H. Cochran, Hal O. Williams and Richard H. Hill for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is our first case involving an interpretation of Chapter 123 of the Acts of 1940, KRS 411.110. The Act follows:

> "Section 1. That no action shall be maintained against any city in the State of Kentucky on account of any injury growing out of any defect in the condition of any bridge, boulevard, street, sidewalk, alley or other public thoroughfare in the said cities unless notice shall have been given the Mayor or City Clerk, or Clerk of the Board of Aldermen of said cities in the same manner as is provided for the service of notice in actions in the Civil Code of Practice. This notice shall be filed within ninety (90) days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from said city.

> "Section 2. All acts or parts of acts in conflict herewith are hereby repealed to the extent of such conflict."

The Act became effective June 12, 1940.

Counsel for the appellant sent the following letter to the Mayor of Louisville on August 19, 1940:

> "Honorable Joseph D. Scholtz, Mayor
> City of Louisville
> Louisville, Kentucky.

> Dear Sir:

> I represent Mrs. Katherine M. Treitz of Louisville, Kentucky, who sustained serious injuries on June 20, 1940, when she had an accident at the corner of Shelby and Walnut Streets due to a depression in the street. Mrs. Treitz is still under a physician's care.

> This notice is sent in order to notify the City that we shall expect it to pay her damages for the injuries received.

Yours very truly,

Anna H. Settle."

On February 20, 1941, the claim attorney for the City sent the following letter to the appellant's counsel:

"Mrs. Anna Settle
Kentucky Home Life Bldg.
Louisville, Kentucky.

Dear Mrs. Settle:

In response to your several telephone calls recently which did not seem to get me relative to the claim of Mrs. Katherine M. Treitz, please be advised that my investigation of this matter discloses no facts which would impose liability on the City.

Immediately after your claim was made I had a photograph taken of the place. In the cobblestone street, such as it is, the greatest depression is only 1½ inches. As you no doubt realize the Railway Company is under an obligation to furnish a safe place for its passengers to alight. If the condition in question is such as would be considered dangerous and had existed long enough to establish constructive notice on the City, it would most certainly constitute actual notice to the Railway Company who stop at that point many times a day.

I suggest that you make your claim against the Louisville Railway Company.

Yours very truly,

Patrick S. Greene,

PSG'vr                    Claim Attorney."

This action was filed on March 5, 1941. The City filed a motion to require that the petition be made more specific. This motion was sustained in part and an amended petition was filed. The City demurred to the petition as amended and then a second amended petition was filed setting forth the foregoing correspondence. A demurrer was sustained to the second amended petition, and, upon the appellant's failure to plead further, her petition was. dismissed; hence this appeal.

The grounds urged for reversal are: (1) The notice required by statute was substantially complied with and as such was sufficient; (2) the City has not been prejudiced by what it claims was a failure to follow the strict form of the statute; (3) the appellee, by filing a motion

to make more definite, certain, and specific, entered its appearance in the case and waived any defective notice; and (4) the City, because of its actions, is estopped to set up and rely upon KRS 411.110. Being of the opinion that the giving of the notice as required by the foregoing statute is a condition precedent to the maintaining of an action for damages against the City, we shall confine our discussion to that point.

Sections 624 and 625 of the Civil Code of Practice follow:

"Section 624. 1. Must be in writing; who may serve. The notices mentioned in this Code must be in writing, must concisely state the purport thereof, and may be served by an officer who is authorized to serve a summons, or by any person who is over the age of sixteen years and not a party to, nor interested in, the action.

"2. What return of person serving shall state. The person who serves a notice must, by an indorsement on it, state when and how it was served; and, if a copy of it be not delivered to the person to whom it is directed, the indorsement must state the facts authorizing the manner of service pursued.

"3. Same. If the person who serves the notice be an officer, his indorsement must show his official position; if he be not an officer, he must make an affidavit that his indorsement is true, that he is over sixteen years of age, and that he is not a party to, nor interested in, the action.

"4. Return proof of service. Such indorsement of an officer, and such indorsement and affidavit of one who is not an officer, shall be proof of the service.

"Section 625. Notice; how served. A notice may be served by delivering a copy of it to the person to whom it is directed, or by offering to deliver it to him; or if he can not be found at his usual place of abode, by leaving a copy there with a person over the age of sixteen years, residing in the same family with him; or, if no such person be there, by affixing such copy to the front door of such place of abode; or, if the person to whom the notice is directed can not be found and has no known place of abode in this State, the notice may be served by delivering a copy to his agent or attorney."

Obviously, the letter of August 19, 1940, addressed to the Mayor, did not meet the foregoing requirements of the Civil Code of Practice. We may say at this point also that the letter failed completely to give the "character and circumstances of the injury." It will not suffice to say that the statute was substantially complied with. Nor can it be said that the actions of the City's law department in writing the letter of February 20, 1941, and in the filing of the motion to make more specific, waived the defective notice or estopped the City from relying on the statute. The question is one of jurisdiction, and, therefore, can be raised at any time during the proceeding.

That the giving of a notice as directed and required by such a statute is a condition precedent to the maintaining of an action for damages seems to be the general holding in this country. The case of Rockwell v. City of Syracuse, 282 N. Y. 17, 24 N. E. (2d) 727, 728, dealt with a similar statute which required that the notice be signed by the claimant and verified by oath. Typewritten copies of the claim were served upon the proper officials. In holding the notice insufficient the court said:

"We may not disregard these express commands of the Legislature accompanying permission to sue a municipality. As was said by this court in Thomann v. City of Rochester, 256 N. Y. 165, 172, 176 N. E. 129, 131, per Cardozo, Chief Judge: 'The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else.' See, also Ponsrok v. City of Yonkers, 254 N. Y. 91, 95, 171 N. E. 917.''

In the case of Rich v. City of Eastport, 110 Me. 537, 87 A. 374, 375, the notice made no claim for damages and failed to specify the nature of the injuries. In holding the notice insufficient the court said:

"But the plaintiff argues that the case elsewhere shows that the municipal officers knew otherwise all that a perfect notice would have shown them, and that by their conduct they had waived the imperfections in the notice. Neither point is well taken. The knowledge of the municipal officers is immaterial. The written statutory notice is an indispensable prerequisite to the right to maintain a suit. Clark v.

[Inhabitants of] Tremont, 83 Me. 426, 22 A. 378. The municipal officers cannot waive. Veazie v. [City of] Rockland, 68 Me. 511.''

See also the cases of Davis v. City of El Dorado, 126 Kan. 153, 267 P. 7; Harrington v. City of Battle Creek, 288 Mich. 152, 284 N. W. 680; Mik v. City of Meriden, 106 Conn. 393, 138 A. 129; Foster v. City of Charlotte, 206 N. C. 528, 174 S. E. 412; Reid v. Kansas City, 195 Mo. App. 457, 192 S. W. 1047; Pender v. City of Salisbury, 160 N. C. 363, 76 S. E. 228.

Judgment affirmed.