## Ballinger v. City of Harlan.

April 23, 1943.

Golden & Lay for appellant.

Gus B. Bruner for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The court sustained appellee's special and general demurrers to appellant's petition seeking damages for personal injuries, and dismissed it. This appeal is from that judgment.

The injuries were sustained by appellant on December 27, 1941, as a result of having stepped into a hole in a sidewalk, and a suit against the city setting forth those facts was filed on January 28, 1942. Summons was served by the sheriff on the mayor on January 29, 1942. On March 27, 1942, pursuant to a motion of the city to require him to make his petition more specific, appellant filed an amended petition, a copy of which was delivered to the City Attorney, setting forth the exact location of the defect in the sidewalk. On March 31st, the city filed a special and general demurrer to the petition, and a motion to dismiss it based on appellant's failure to give the notice required by KS Section 2741e-24, 1941 Supplement (KRS 411.110), hereinafter set forth.

On May 6, 1942, appellant dismissed without prejudice the action referred to and filed the present one in which he alleged all the facts, including the proceedings in the first suit, recited above. In addition, he alleged that on December 29, 1941, and again one week later, and on subsequent occasions within ninety days after the accident, he had personally informed the mayor of the facts and of his intention to sue the city for damages, and that the mayor had caused him to be examined by physicians and expressed the opinion that he should be compensated by the city.

Obviously, the first suit was dismissed by appellant in the hope that the pleadings and the service of summons upon the mayor therein might serve as a substantial compliance with the provisions of KRS 411.110, and thus enable him to maintain the second action. The Act referred to reads as follows:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practice. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

It is vigorously argued by appellant's counsel that the city, by its conduct, waived its right to insist upon a written notice, and that, in any event, the service of summons in the original action and the delivery of copies of the petition and amended petition therein constituted such notice. However, in the recent case of Treitz v. City of Louisville, 292 Ky. 654, 167 S. W. (2d) 860, in which the plaintiff, in a personal injury suit instituted nine and a half months after the accident without a compliance with the Statute, sought to avoid the bar by alleging that a letter containing an account of the accident had been mailed to the mayor within ninety days thereafter, we held, after reviewing the authorities from other states, that the Statute was mandatory, and that nothing short of a literal compliance therewith would suffice. Hence, on the authority of that case, the judgment appealed from was correct.

The foregoing expresses the view of a majority of the members of the court. The writer is of the opinion that the institution of a suit against the city and service of summons on the mayor within ninety days after the occurrence of the accident, where the pleadings disclose the required information, accomplishes all the ends which the Legislature had in mind in enacting the Statute, and is a sufficient compliance therewith.

Judgment affirmed.     Whole Court sitting.