## City of Elsemere v. Brown.

April 28, 1944.

Ervin L. Bramlage for appellant.

Sawyer A. Smith and Russell N. Victor for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON.—Affirming.

The appellee obtained a judgment against the City of Elsemere for $6,907.20 for damages for personal injuries sustained as a result of the city's negligence in maintaining one of its sidewalks. On this appeal the

sole ground urged for reversal is that a verdict should have been directed for the city because the evidence failed to establish legal service of the notice required by KRS 411.110.

The statute referred to provides that no action of this character may be maintained against a city "unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practce." The notice must be given within 90 days of the injury and must state the time, place and circumstances thereof.

Issue was joined as to the giving of the notice. The evidence established that within the 90-day period a notice, sufficient in form and substance, was delivered by the appellee's attorney to the City Clerk, in the presence of the City Attorney and the City Council, at a meeting of the Council and thereupon the Clerk, with the consent of the City Attorney and City Council, accepted service of the notice, endorsing on a copy thereof this acceptance:

"I hereby acknowledge receipt of a true copy of the above letter and notice from Alma Brown and Russell N. Victor, her attorney, this 5 day of Aug. 1941.

"(Signed) Arthur J. Linderman,
"Elsemere, Ky., City Clerk."

No complaint is made as to the form and contents of the notice, the contention being only that it was not given in the manner provided by the Civil Code for the service of notice, as the statute requires. The question thus presented is whether an officer on whom the notice may be executed may accept service of the notice.

We have held that the giving of the notice is a condition precedent to maintaining the action. Treitz v. City of Louisville, 292 Ky. 654, 161 S. W. (2d) 860. In that case the notice itself was held to be insufficient, in that it failed to give the time, place and circumstances of the injury. The statute must be strictly complied with and even the filing of an action within the 90-day period, without giving the notice, is insufficient. Ballenger v. City of Harlan, 294 Ky. 72, 170 S. W. (2d) 912; City of Irvine v. Cox, 296 Ky. 680, 178 S. W. (2d) 199.

In the foregoing cases there was a complete failure to give notice or the notice itself was insufficient. In the

case before us a notice, sufficient in form and substance was actually received by an officer on whom notice may be executed and the officer acknowledged receipt of the notice. The statute requires the notice to be given in the manner provided by the Civil Code for the service of notice and Section 624 of the Civil Code of Practice specifies the manner of service without providing for the acceptance of service, but it has never been held that one, sui juris, on whom notice is required to be served may not accept service thereof. It is the usual custom and practice of the legal profession to accept service of notices. An officer may not waive a city's immunity from suit nor may he waive conditions or limitations imposed by statute in respect to suits against the city. Consequently, an officer could not waive service of the notice since one of the purposes of the statute is that the officer receiving the notice shall deliver it to the proper authority to investigate the circumstances of the claimed injury, but we are cited to no authority, and know of none, holding that an officer may not, just as an individual, accept service of a notice authorized to be executed on him in his representative capacity. By his acceptance he receives a copy of the notice and thereby is placed in position to perform his duty of delivering it to the proper authority just as fully as if it had been delivered to him by an officer authorized to serve it. No right of the city is waived by such acceptance. On the contrary, the situation of the city is identically the same as if the notice had been served by a duly authorized officer.

It is our conclusion that acceptance of the service of notice by the City Clerk was a sufficient compliance with the statute and that the trial court correctly refused to direct a verdict for the appellant.

Affirmed.