CITY OF LITTLE ROCK *v.* HENSON.

4-9785

249 S. W. 2d 118

Opinion delivered June 2, 1952.

*O. D. Longstreth, Jr., Ivan H. Smith* and *Dave E. Witt,* for appellant.

*Cooper Jacoway,* for appellee.

ROBINSON, J. Appellee owns lots 7 and 8, block 8, Pfeifer's Addition to Little Rock, located at the corner

of Markham and Van Buren Streets. This property is within the class designated by the Little Rock Zoning Ordinance as "B- one-family residential." It is the contention of appellee that, if nothing can be constructed on the property except a one-family residence, the property has no value, and that the Ordinance is unreasonable, arbitrary, confiscatory, and deprives the appellee of his property rights. Therefore, he petitioned a change in the classification. The City Planning Commission approved his petition to reclassify the property as "Class F—commercial," which would permit the construction of a filling-station. The City Council passed an Ordinance re-zoning the property as approved by the Planning Commission. The Mayor vetoed the Ordinance and his veto was sustained. Thereupon, appellee filed this suit in Chancery Court and the Chancellor ordered a reclassification in accordance with the ruling of the Planning Commission.

At the time of purchase by appellee, a ditch crossed the property diagonally from northeast to southwest, which drained a considerable portion of territory in that vicinity. However, the ditch was not adequate to carry off the surface water from the surrounding area, and the City, with permission of appellee, widened and deepened the ditch. A preponderance of the evidence proves that the cost of work and material necessary to put the ditch in such condition that it would be practical to build a one-family residence on the property would be so great as to be prohibitive from a practical standpoint.

At the trial of the cause appellee produced as witnesses several real estate men who testified about the condition of the lots and that it would be impractical to build one-family residences on the property due to the cost of remedying the condition caused by the ditch. Several adjoining and surrounding property owners testified that there was no objection on their part to a filling-station being built on the property. In fact, there was no evidence of any objection on the part of anyone.

A decree was rendered permitting the re-classification of the property as "Class F—commercial district."

Subsequent to the rendition of the decree, Mrs. Vetura Jordan, *et al.*, attempted to intervene and petitioned that the decree theretofore rendered by the Chancellor be set aside. The petition was denied and no appeal was taken.

In the recent case of *City of Little Rock* v. *Hocott, ante,* p. 421, 247 S. W. 2d 1012, it is said: "We have uniformly upheld the finding of the Chancellor on the question as to whether the classification of property by zoning authorities is unreasonable and arbitrary where such finding is supported by the preponderance of the evidence." Citing *City of Little Rock* v. *Sun Building & Development Co.,* 199 Ark. 333, 134 S. W. 2d 582; *City of Little Rock* v. *Joyner,.* 212 Ark. 508, 206 S. W. 2d 446.

Appellant has filed an excellent and persuasive brief, but the fact remains that the two agencies primarily charged with the duty of determining facts pertaining to zoning have in effect found that one-family residences cannot be constructed on the property without substantial loss to the owner of the realty. The decree is supported by a preponderance of the evidence.

Affirmed.

Mr. Justice MILLWEE not participating.