BERRY v. CITY OF LOUISVILLE.

Court of Appeals of Kentucky.

June 20, 1952.

[REDACTED]

Harold S. Keeling, William G. Lehnig, Louisville, for appellant.

Gilbert Burnett, City Atty., S. M. Russell, Asst. City Atty., Robert Meagher, Louisville, for appellee.

CAMMACK, Chief Justice.

This appeal concerns itself with the sufficiency of a notice sent to the City of Louisville pursuant to KRS 411.110. The trial court sustained the City's special demurrer to appellant's petition on the ground that the notice was insufficient.

KRS 411.110 is as follows:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practice. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

The notice sent to the city officials reads:

"Notice is hereby given to Lucille D. Ogburn, Clerk of the Board of Aldermen of the City of Louisville, Kentucky that Roy E. Berry of Louisville, Kentucky, was injured on February 4th, 1950, at or about 7:30 P.M., in front of 6206 and 6208 South Side Drive in Louisville, Kentucky; his automobile which he was driving at that time was also damaged; that he sustained injuries to his head and other bodily injuries; and that he will claim damages therefor from the City of Louisville and others.

"This notice is given pursuant to Section 411.110 K.R.S."

The giving of notice as required by the statute is mandatory and is a condition precedent to the bringing of a suit against the City. Ballinger v. City of Harlan, 294 Ky. 72, 170 S.W.2d 912. Moreover, the City's actual or constructive notice of the defect in the thoroughfare is not a substitute for notice. Reibel v. Woolworth, 301 Ky. 76, 190 S.W.2d 866. Literal compliance with KRS 411.110 is necessary. Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860. The purpose of notice is "to give the city an opportunity to investigate the cause of the accident and to determine the condition of the defect complained of, at or about the time of the accident, as well as to permit an examination of the injuries alleged to have been sustained by the claimant." Spangler's Adm'r v. City of Middlesboro, 301 Ky. 237, 191 S.W.2d 414, 415.

Under the rules stated, the trial court properly held the notice to be inadequate. It clearly does not set out the "character and circumstances" of the injury. From a reading of the notice, one cannot tell how the injuries were received. It is not stated whether the accident occurred in the street or on the sidewalk or at the curb. Moreover, the alleged defect in the thoroughfare is not set out. It cannot be said that this notice gave the City a proper opportunity to investigate the cause of the accident. Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860.

Judgment affirmed.