**v.**

**Alec WILSON, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1955.

**Lois M. WELLMAN, Appellant,**

**v.**

**CITY OF OWENSBORO, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1955.

———◆———

William M. Gant, Owensboro, for appellant.

Joseph H. McKinley, Paul Miller, Owensboro, for appellee.

MILLIKEN, Judge.

This case involves the question whether CR 5.02, governing service, modifies or supersedes KRS 411.110 which specifies on whom service must be made in notifying a municipality of a claim against it for injuries allegedly caused by defects in its streets and sidewalks. A collateral question presented is whether the notice actually given is adequate under the statute.

This suit was commenced October 27, 1954, in the Daviess Circuit Court when Lois M. Wellman filed a complaint against the City of Owensboro seeking recovery for personal injuries alleged to have been suffered as the result of a fall upon an alleged faulty and defective sidewalk on May 10, 1954. The complaint alleged that prior to the filing of the suit notice was given to the City of Owensboro pursuant to KRS 411.110 that the plaintiff, Lois M. Wellman, would claim damages.

KRS 411.110 reads as follows:

"Action against city for injury from defect in thoroughfare; service of notice. No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the *mayor, city clerk or clerk of the board of aldermen* in the manner provided for the service of notice in actions in the Civil Code of Practice. [Amendment, effective June 17, 1954, substitutes the words "Rules of Civil Procedure" for the words "Civil Code of Practice."] This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city." (Emphasis and brackets ours.)

On July 27, 1954, within the ninety day period, a notice otherwise meeting the requirements of the statute was sent to Joseph H. McKinley, city attorney for the City of Owensboro, rather than to the *mayor, city clerk or clerk of the board of aldermen, as specified in the statute.*

This is an appeal from an order of the trial court entered December 6, 1954, sustaining defendant's motion to dismiss the complaint on the ground the statutory notice required by KRS 411.110 had not been properly served on the defendant City in that none of the persons specified in the statute were served.

The appellant first insists that service on the city attorney of the City of Owensboro, instead of on the "mayor, city clerk or clerk of the board of aldermen", was perfectly proper when the Rules of Civil Procedure are construed in conjunction with the statute, since the statute says that service of notice shall be in the manner provided for in the Rules of Civil Procedure. She then cites Rule 5.02, which states in part:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, which shall not include a warning order attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by deliver-

ing a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. * * *"

The appellant contends that when the statute and Rule 5.02 are construed together, it becomes mandatory that the notice be served upon the city attorney instead of upon some other official, since under a special ordinance (Owensboro Ordinance Book 5, at page 208), the city attorney represents the City in all cases in state and federal courts. She cites Clay, CR 5.02, where it is stated that this Rule is most specific in requiring service upon an attorney who represents a party, rather than the party, unless the court otherwise orders.

We cannot agree with this contention. Rule 5.02, as we read it in conjunction with KRS 411.110, does not, as contended by appellant, mandatorily require service on the city attorney. Rule 5.02 states that "Whenever *under these rules* service is required or permitted to be made on a party represented by an atttorney * * * the service shall be on the attorney unless service upon the party himself is ordered by the court."

"Under these rules", specifically under Rule 5.01, service of certain pleadings, motions and other papers upon an opposing party is required. It is these papers which Rule 5.02 requires to be served upon counsel if the opposing party is represented by counsel. The Rule does not direct service on a party's attorney of documents required to be served by statutory authority outside the Rules.

■■ To hold that Rule 5.02 authorizes the service of the notice required by KRS 411.110 on the city attorney rather than on those city officials enumerated in the statute would defeat the express wording of the statute. We may not disregard the express commands of the Legislature accompanying permission to sue a municipality. The Legislature has said that notice given to particular public officers shall be a prerequisite to the right to sue. Service of the notice in conformity to the statute is mandatory. This court is without power to substitute something else. Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860.

We think KRS 411.110 and CR 5.02 should be construed in a manner to give both of them effect. The statute enumerates those city officials on whom the notice it requires must be served. We should not add to the enumerated officials by expanding the application of the first sentence of CR 5.02.

The second sentence of CR 5.02 specifies thusly the mechanics by which those officials enumerated in KRS 411.110 are to be served: "Service * * * upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address * * *."

■ We think that KRS 411.110 and CR 5.02, when construed together, mean that the notice required by the statute must be served on the "mayor, city clerk or clerk of the board of aldermen" by delivering or mailing a copy of the notice to one of these enumerated officials. Since this procedure was not followed, the serving of the notice on the city attorney in the present case was defective.

The gist of the matter is that conformity to the statute is a condition precedent to the right to invoke the help of the courts, and the Rules take over after the litigation starts at the time the complaint is filed.

The order of the trial court dismissing appellant's complaint is affirmed.