**CITY OF DAWSON SPRINGS, Kentucky, Appellant,**

v.

**Wanda Lee REDDISH et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

Frederick E. Nichols, Nichols & Nichols, Madisonville, for appellant.

Franklin & Franklin, Madisonville, for appellees.

MILLIKEN, Judge.

This case turns principally on the adequacy of the statutory notice given the City of Dawson Springs as a condition precedent to filing an action for damages against it as required by KRS 411.110, which reads:

"No action shall be maintained against any city in this state because of an injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

On January 18, 1957, the appellees, plaintiffs below, gave the City the following notice:

"You are hereby notified that on December 18th, 1956, about thirty thirty P.M., Delois Reddish, Joan Poston, Linda Lee Poston, Mary Ruth Burris, Jean Penninger and Brenda Poole, suffered injuries to their bodies, faces, heads, and limbs while riding in an automobile in Dawson Springs, Kentucky, over and along Flower Street; that Delois Reddish suffered a broken and crushed jaw, and the Burris girl was thrown through the windshield and suffered serious and painful injuries; Linda Lee Poston suffered a cracked foot and Joan Poston a sprained arm, and all of the others suffered bruises and contusions.

"The cause of the injuries was a man hole protruding upwards above the surface of Flower Street in Dawson Springs, Kentucky, over which street they were traveling.

"The vehicle in which they were riding was a 1949 Ford and belonged to Maxine Poston, and was worthless after said accident.

"You are further notified that all of the above named persons claiming injuries and property damage will claim damages therefor from the City of Dawson Springs, Kentucky, by reason of the improper maintenance of said street.

"This January, 18, 1957."

The City asserts that the notice is insufficient for these reasons:

"1. The name of the plaintiff, Wanda Lee Reddish, is not mentioned in the notice.

"2. It does not state the time of day the accident occurred.

"3. It does not state where on Flower Street it occurred. The street is about five blocks long and has at least five manholes in it.

"4. It does not state the circumstances of the accident. It is stated that the cause was a protruding manhole, but it does not state how it caused it, or if so, why. The City had to take the deposition of Wanda Lee Reddish to ascertain the cause of the accident and the way in which it occurred; that is, the 'circumstances' of the accident."

On the other hand, the appellees assert that the City had actual notice of the accident because the Mayor of the City came to the scene shortly after it occurred and one of the City policemen took the plaintiff, Wanda Lee Reddish, to a doctor's office.

 It is the consensus of the Court that the notice adequately sets out the time, place, character and circumstances of the accident and the nature of the injuries of all the claimants except Wanda Lee Reddish for whose injuries the judgment awarded $2,000 in accordance with the verdict of the jury. Since there was no statutory notice given at all of the claim of Wanda Lee Reddish, the judgment in her favor must be set aside because the giving of such a notice is a mandatory prerequisite. Wellman v. City of Owensboro, Ky., 282 S.W.2d 628; Berry v. City of Louisville, Ky., 249 S.W.2d 818; Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860; Ballinger v. City of Harlan, 294 Ky. 72, 170 S.W.2d 912. Cases holding actual notice is not enough: Hall v. City of Los Angeles, 19 Cal.2d 198, 120 P.2d 13; Harding v. City of Chicago, 1937, 290 Ill.App. 598, 7 N.E.2d 918.

 The judgments for Mary Ruth Burris and Maxine Poston were for $200 each. The City objected at the trial to the instructions given the jury by asserting that it "did not correctly state the law with which it deals" and "it does not fully cover the law on the point with which it deals, and for that reason is incorrect." These objections are so general that they fail to

apprise the trial judge of the reasons for the objections so that his attention is called to possible error, and thus do not meet the requirements of CR 46.

 The testimony about the condition of the street, the height of the protruding manhole cover above the surface of the street and the length of time the condition existed were sufficient to take the case to the jury. Criswell v. City of Jackson, 257 Ky. 222, 77 S.W.2d 622, and cases cited therein.

The judgment is reversed as to Wanda Lee Reddish and affirmed as to Mary Ruth Burris and Maxine Poston.