**Marie Lillian DUKES, Appellant,**

**v.**

**CITY OF LOUISVILLE, Louisville Gas & Electric Company, Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

Rehearing Denied June 16, 1967.

Howard Lee Van Arsdale, Raymond C. Arny, Louisville, for appellant.

L. Lyne Smith, Jr., O. Grant Bruton Louisville, for appellees.

JOHN J. WINN, Special Commissioner.

The plaintiff, Marie Lillian Dukes, fell and was injured on the sidewalk on the north side of the street in front of the premises at No. 523 West Broadway, Louisville, Kentucky. The sidewalk there is concrete laid off in squares and is five (5) sections wide. Throughout the trial and on this appeal the sections or squares have been designated consecutively from 1 at the curb to 5 at the building. She brought suit against the City of Louisville, Louisville Gas and Electric Company, Incorporated, and Merchant and Stoll, Incorporated. At the conclusion of the evidence for plaintiff a motion was made by each of the defendants for a directed verdict and they were all sustained.

Merchant and Stoll was a concrete contractor which had made some repairs and replacements on the sidewalk. There was no evidence of any negligence to justify recovery against it and there is no appeal from the dismissal as to this corporate defendant.

Louisville Gas & Electric Company had recently replaced its gas line into the liquor store at 523 West Broadway. In order to do so it had employed Merchant and Stoll to do the necessary concrete work and they had taken out sections 2 and 5 of the concrete sidewalk and then had replaced those sections after the Gas Company had put in new pipe from the street by tunnelling under sections 1, 3 and 4. There was no testimony to the effect that this operation had in any way disturbed or changed the surface of sections 3 or 4 or caused any defect in the sidewalk at the point where plaintiff claimed she received her injury. As is apparent from the arguments on these motions in chambers, this was the ground upon which Louisville Gas and Electric was let out, and while an appeal has been taken against it no argument

has been presented to show why its motion for a directed verdict should not have been sustained.

We finally come to the real point at issue and to which all the arguments have been addressed. The appellant insists strenuously that she was entitled to have the question of the city's liability submitted to the jury. The decision of this point depends upon the sufficiency of the notice. The plaintiff through her attorney gave to the city the notice required by KRS 411.100, the pertinent portion of which was as follows:

"She was caused to sustain these injuries on the 26th of September, 1962, at or about the hour of 12:40 P.M. as she was walking East upon the sidewalk (concrete—five sections from property line to curb) in front of street number, 523 WEST BROADWAY STREET, LOUISVILLE, and the business firm of THE GRAYSTONE LIQUORS, North side of Broadway, and more particularly upon the second section, or second square of concrete sidewalk from the curb-line.

"The defect complained of was sunken, depressed, lower and slipped section of concrete sidewalk, second section and square from the curb-line, at the above named place, address and position, and at least $\frac{3}{4}$ inches to an inch lower than the adjacent and joining section immediately WEST of this section. This deep and depressed section below the level of the other section was of such depth that she was caused to slip, lose her balance from her right foot and fall to the sidewalk upon her left knee. Since the date of the above mentioned occurrence, the defects have been repaired and corrected, and also, other new sections have been added in the sidewalk. We are advised that some time ago, the Louisville Gas and Electric Company, and before she was injured made some repairs or installations of or to their facilities at this address, and location, as above named."

■ Obviously this notice was sufficient on its face, and it was so held by the trial judge when it was first questioned before him at a time before important complications had been brought out. The vice in the notice is not that it is indefinite but that it is too specific, or, properly speaking, specific to the point of being erroneous. Had the notice referred to the "sidewalk in front of 523," it could be argued validly that a variation of a few feet could not adversely affect the city's opportunity to investigate and prepare for trial. City of Dawson Springs v. Reddish, Ky., 344 S.W.2d 826; City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517.

The notice here states categorically, not just once but twice, that the injury to plaintiff was caused by a defect in the pavement in section 2. In her discovery deposition she stated and reiterated under vigorous cross-examination that section 2 was the site of her injury, this despite warning given her by the cross-examiner to the effect that he had knowledge that section 2 had been renewed shortly before her fall.

The record discloses without room for doubt that sections 2 and 5 had been repaired when the gas pipe was replaced in July before the accident date of September 26, 1962, and that No. 2 was free of depression or other defect that could be responsible for plaintiff's fall. Apparently there had been some irregularity in sections 3 and 4 because after the accident they were replaced by the Courier-Journal, the lessor of the liquor store.

Upon the trial the plaintiff completely changed her testimony as to where she had fallen. She testified just as positively then that she had fallen on No. 3 and not on No. 2 as she had testified to just the opposite in her deposition that she had fallen on No. 2 and not on No. 3.

■ Did the notice as to section 2 suffice within the meaning of the statute to put the city on notice as to the injury received on section 3? It has been uniformly held by the courts that the provision must be strictly complied with. The giving of notice is a condition precedent to bringing suit and is jurisdictional. City of Elsmere v. Brown, 297 Ky. 323, 180 S.W.2d 86; Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860.

■ It has been stated that the reason for the requirement of notice is to provide an opportunity for the city to investigate all the circumstances and prepare its defense. Spangler's Adm'r v. City of Middlesboro, 301 Ky. 237, 191 S.W.2d 414; Berry v. City of Louisville, Ky., 249 S.W.2d 118.

■ As has been forcefully argued here, one might conclude that as a practical matter in making an investigation a variance as between two adjacent sections of concrete could not impose any serious difficulty. On the other hand it might be, as is urged on behalf of the city, that it discovered at the outset that the accident could not have happened as specifically stated in the notice because of the newness of section 2 and it was thereby lulled into the justifiable belief that there was no need for any further investigation. Under the peculiar circumstances of this case we are constrained to answer our question in the negative and to hold with the trial court that the notice was not in compliance with the statute.

■ The report of the argument in chambers presented the positions and contentions of all the litigants during the heat of the trial and was most helpful to the writer in his attempt to get a true picture of the issues involved. Therefore, the motion to apply CR 75.05 is overruled.

The judgment is affirmed.

All concur except Judge STEINFELD not sitting.