## CITY OF LOUISVILLE, Appellant,

v.

## Carrie O'NEILL, Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1969.

Rehearing Denied May 30, 1969.

Eugene H. Alvey, William Goldberg, Louisville, for appellant.

Henry D. Hopson, Charles Lane, Jr., Louisville, for appellee.

WILLIAM DIXON, Special Commissioner.

The appellee, Carrie O'Neill, on August 14, 1964, was walking on the sidewalk in front of 1813–15 West Main Street when she caught her foot on a crevice or broken place in the sidewalk where one side was elevated an inch or more above the other and "stepped and slipped and fell in a hole" on her face, bruising her right arm and necessitating the removal of six teeth, the repair of two others and the payment of $950 for dental and medical expenses.

On August 27, 1964, Mrs. O'Neill's attorney wrote the Mayor of Louisville the following letter:

"In compliance with the requirement of 'notice', please be advised that Carrie O'Neill intends to file claim against the City of Louisville for personal injuries sustained by her as a result of a fall oc-

curring on August 14, 1964, at 1813–15 West Main Street, Louisville, Kentucky. Mrs. O'Neill's injuries were brought about by defects in the sidewalk and negligent maintenance by the City of Louisville of the sidewalk at this address."

An action brought in the Jefferson Circuit Court for personal injuries and damages sustained in this accident resulted in a trial and judgment for the plaintiff in the sum of $5,950. Defendant made motions for judgment notwithstanding the verdict and for a new trial which were denied, whereupon it prosecutes this appeal upon various grounds, among them insufficiency of the notice, which we believe is dispositive of the case and obviates discussion of any other grounds.

KRS 411.110 provides:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety days of the occurrence for which damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

■ The purposes of the statute are to give the city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists, to enable the city to investigate and evaluate the case so that if liability exists it might have an opportunity to settle it without long and expensive litigation, and to give the city an opportunity to protect its funds against unjust and illegal claims.

■ The statute dealing with notices to cities must be strictly complied with. The notice in this case gave the date and location of the accident and stated that the street was defective and plaintiff received personal injuries for which she intended to file a claim against the city. It is to be observed, however, that it did not specify in what way the street was defective, nor did it attempt to describe the personal injuries which she sustained.

In Berry v. City of Louisville, Ky., 249 S.W.2d 818, the notice failed to set out the defect in the thoroughfare and was held to be insufficient. In Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860, a notice that plaintiff suffered severe injuries at a certain street corner due to depression in the street was held insufficient.

In City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517, a notice giving the place and date of an accident and stating that the street was defective and as a result the plaintiff had sustained a broken hip and other personal injuries was held to be good. This notice, however, did refer to a broken hip.

The Verst case was decided before the Berry case, and to the extent of any conflict the Berry case must prevail. Other cases in line with the Berry case that require a strict compliance with the statutory requirements are Ballinger v. City of Harlan, 294 Ky. 72, 170 S.W.2d 912, and City of Dawson Springs v. Reddish, Ky., 344 S.W.2d 826.

We are unable to find any Kentucky cases holding notice to be good where there was a failure to describe the nature of the defects in the street, sidewalk or road in question or to explain and describe the personal injuries suffered, as in this case. We are of the opinion that the notice was insufficient.

The judgment is reversed with directions that a judgment n. o. v. be entered dismissing the action.