Jane Ann **ROEHRIG**, Executrix of the Estate of Urban J. Steinbock, Appellant,

v.

**CITY OF LOUISVILLE**, Appellee.

Court of Appeals of Kentucky.

May 22, 1970.

William Mellor, Louisville, for appellant.

Eugene H. Alvey, Director of Law, Louisville, Wm. A. Stephenson, Asst. Director of Law of City of Louisville, Louisville, for appellee.

CULLEN, Commissioner.

On October 25, 1967, an automobile being operated by Urban J. Steinbock hit a tree which stood at or near the edge of a road in a city park in Louisville. Steinbock died about one month later. On October 1, 1968, his widow, who was a passenger in the automobile at the time of the accident, brought suit against Jane Ann Roehrig, executrix of his will, seeking damages for personal injuries claimed to have been sustained by Mrs. Steinbock in the accident. The executrix filed a third-party complaint against the City of Louisville, seeking contribution on any recovery against the executrix, on the theory that the city negligently had maintained the tree on or near the road. The city moved to dismiss the third-party complaint on the ground that any liability on its part was barred by reason of the fact that notice of claim of injury had not been given to the city within 90 days of the accident, as required by KRS 411.110. The circuit court sustained the motion and entered a judgment dismissing the third-party complaint, the judgment being made final and appeal-

able by compliance with CR 54.02. The executrix has appealed.

The only question on the appeal is whether the giving (by someone) of the notice provided for in KRS 411.110 is a condition precedent to the making of a claim for contribution against a city on a liability for damages for injuries growing out of a defect in a public street, etc.

■ As concerns the application of *statutes of limitation,* the law is well settled that limitations against a claim for conribution on a tort liability start running not from the time of the commission of the tort, but from the time the right of action for contribution accrues (ordinarily by *payment*). See Annotation, 20 A.L.R.2d 925; and Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16. The reason for the rule is that otherwise the injured party could foreclose a tortfeasor's right to contribution by waiting to bring his action until just before the statute of limitations ran on his claim. The tortfeasor would be helpless to save his right of contribution. (It is true, as we held in Parker v. Redden, Ky., 421 S.W.2d 586, that a declaration or adjudication of liability for contribution can be made before the right to recover contribution has fully matured through payment, but obviously a proceeding for an adjudication of the right to contribution could not be brought before the injured party himself had asserted any claim.)

■ While the notice statute here in question is not a statute of limitations, see Galloway v. City of Winchester, 299 Ky. 87, 184 S.W.2d 890, we think the controlling consideration should be the same; that is, the extent to which the tortfeasor has any control over whether the statute is complied with. If he has no effective control, in that he cannot by his own act give the required notice, and cannot compel the injured party to give notice, then the fact that the statutory notice was not given should not bar the claim for contribution.

The statute, KRS 411.110, is as follows:

"No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Rules of Civil Procedure. This notice shall be filed within ninety days of the occurrence for which the damage is claimed, stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city."

It will be observed that the statute requires statements of "the character and circumstances of the injury, and that the person injured will claim damages therefor from the city." This court has required considerable exactness and specificity in the statement of the character and circumstances of the injury. See Berry v. City of Louisville, Ky., 249 S.W.2d 818, and Dukes v. City of Louisville, Ky., 415 S.W.2d 110. The requirement has been such that normally the statement would have to come from the knowledge of the injured person. And of course only he could state with any authority that he "will claim damages therefor from the city." For these reasons we think it is reasonably clear that the statute contemplates that the notice is to be given by or at the direction of the injured person. A tortfeasor, in most situations, could not give the notice because he could not make the required statements.

■ It is true that one of the primary purposes of the notice is to give the city an opportunity to investigate the cause of the accident and to determine the condition of the defect complained of, and this would apply to any kind of claim growing out of the accident. Berry v. City of Louisville, Ky., 249 S.W.2d 818. But another impor-

tant purpose is to enable the city to examine the *injuries* alleged to have been sustained. Spangler's Adm'r v. City of Middlesboro, 301 Ky. 237, 191 S.W.2d 414. The tortfeasor could give a notice fulfilling the first purpose, but ordinarily could not give one effectively fulfilling the second one.

The fact that the matter of ability to meet the notice requirements is an important consideration in determining the applicability of the statute was recognized by this court in Spangler's Adm'r v. City of Middlesboro, supra, in holding that the giving of notice under the statute was not a condition precedent to the bringing of an action for *wrongful death.*

Because of the factor of lack of control by the tortfeasor over the giving of notice, it is our conclusion that the fact that no notice of claim of damages has been given under KRS 411.110 will not bar the prosecution of a claim for contribution.

In reaching our conclusion we have given consideration to the decisions (few in number) of courts of other states on this question, which are annotated in 93 A.L.R.2d at pages 1385 to 1391. It appears that only two cases have been decided involving notice statutes substantially identical to Kentucky's.[1] One of the cases is Geiger v. Calumet County, 18 Wis.2d 151, 118 N.W.2d 197, in which the Wisconsin Supreme Court held that the failure of notice did not bar a claim for contribution, pointing out that the statute could not be construed as requiring notice of a claim for contribution because the claim normally would not accrue within the time allowed for giving notice. The other case is American Automobile Ins. Co. v. City of Minneapolis, 259 Minn. 294, 107 N.W.2d 320, which involved a claim for *indemnity* rather than for contribution but which is not a significant distinguishing factor as concerns our question. There the Minnesota Supreme Court held that the failure

of notice did bar the claim for indemnity. The primary support for the holding was found in the ascribed purpose of the statute to enable the city to make timely investigations into the time, place and circumstances of the accident.

We believe that the conclusion of the Wisconsin court is the sounder one.

The judgment is reversed with directions for further proceedings consistent with this opinion.

All concur, except NEIKIRK, J., who did not sit.

---

1. The other cases covered by the annotation concerned statutes having a purpose different from that of our statute.