RENDERED:  MAY 29, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0994-MR

SANDRA CREAMER                                                                    APPELLANT


APPEAL FROM CAMPBELL CIRCUIT COURT
v.            HONORABLE DANIEL J. ZALLA, JUDGE
ACTION NO. 24-CI-00906


CITY OF BELLEVUE                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, A. JONES, AND MOYNAHAN, JUDGES.

EASTON, JUDGE:  This is a negligence action for injury sustained because of a slip and fall on a sidewalk.  Appellant Sandra Creamer (Creamer) asks us to reverse an Order of the Campbell Circuit Court dismissing her Amended Complaint against Appellee City of Bellevue (City) pursuant to CR[1] 12.02(f).  The circuit court held that Creamer's notice to the City failed to supply information

---

[1] Kentucky Rules of Civil Procedure.

concerning the nature of her injuries sufficient to satisfy the mandatory notice provisions of KRS[2] 411.110. Upon review of the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 20, 2023, Creamer fell on a sidewalk at 401 Fairfield Avenue in Bellevue. The fall occurred in front of a local business where the City was performing repair work to the sidewalks in the area. On October 4, 2023, Creamer, through her attorney, sent by certified and regular mail a letter to both the Bellevue city clerk and treasurer, as well as the mayor of Bellevue, providing notice of the incident with a statement that a claim for damages would be forthcoming. The letter stated:

> Please be advised that we have been retained to represent Sandra D. Creamer for her claim of injuries resulting from a fall, which occurred at the sidewalk in front of Frame and Hang Studio Gallery, located at 401 Fairfield Avenue in Bellevue, Kentucky on 9/21/2023. This does not mean that a lawsuit has been filed. It is simply notice that a claim for monetary damages is forthcoming for the injuries to our client.[3]

Creamer's counsel received a receipt confirming that the notice letter had been received by both the mayor and city clerk and treasurer.

---

[2] Kentucky Revised Statutes.

[3] Trial Record at 60, 62.

After failing to resolve her injury claim through any agreement with the City, Creamer filed a Complaint (and later an Amended Complaint) against the City and the local business. The City filed a Motion to Dismiss pursuant to CR 12.02(f), arguing that Creamer failed to state a claim upon which relief could be granted. Specifically, her notice letter was insufficient under KRS 411.110 because it did not supply information concerning the nature of Creamer's injuries.

The circuit court agreed and dismissed the action against the City. Later, the circuit court granted judgment on the pleadings in favor of the local business owner. Creamer did not appeal that later decision, and that local business is not a party to this appeal.

Creamer filed this timely appeal, challenging the dismissal of her negligence action against the City. The issue, whether the notice letter was sufficient to inform the City of the character and circumstances of Creamer's injury, has been duly preserved, and all briefs are compliant with the Kentucky Rules of Appellate Procedure.

## STANDARD OF REVIEW

Provisions of the Kentucky Rules of Civil Procedure authorize a court to dismiss a complaint or any part of it for failure to state a claim for which relief can be granted. CR 12.02(f). In order for such a dismissal to be granted, it must appear to a certainty that the claimant would not be entitled to relief under any set

of facts that could be proven in support of the claim.  *Pari-Mutuel Clerks' Union of Ky., Local 541, SEIU, AFL-CIO v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

A motion to dismiss for failure to state a claim upon which relief may be granted presents a question of law.  *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).  We may give no deference to a trial court's determination upon review.  *Id.*  Instead, we must review the matter *de novo*.  *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 562–63 (Ky. App. 2017).

**ANALYSIS**

KRS 411.110 sets forth a prior notice requirement to filing a civil action against a city for injuries resulting from a defect in the condition of a sidewalk or other public thoroughfare.  The injured party must provide notice to the mayor, city clerk, or clerk of the board of aldermen.  This notice must be provided within ninety days of the occurrence for which damages are claimed.  The notice must include the following information: (1) the time of and place where the injury was received, (2) the *character and circumstances* of the injury, and (3) a statement as to whether the person injured will claim damages from the city.

Creamer's notice to the City complied with items (1) and (3).  The dispute concerns whether Creamer's notice complied with item (2) – notice of the

"character and circumstances of the injury." The circuit court determined that it did not. The circuit court was correct.

KRS 411.110 mandates a specific notice that is a strict condition precedent to filing an action against a city seeking damages for personal injury arising from an alleged defect in a city street, sidewalk, alley or other public thoroughfare. *Ballinger v. City of Harlan*, 170 S.W.2d 912 (Ky. 1943). Kentucky courts have consistently and uniformly held that a plaintiff must strictly comply with the statute's notice requirements. *City of Elsmere v. Brown*, 180 S.W.2d 86, 87 (Ky. 1944) ("the s[t]atute must be strictly complied with"); *City of Louisville v. Verst*, 213 S.W.2d 517, 518 (Ky. 1948) ("The statute . . . is mandatory, and must be strictly complied with"); *City of Louisville v. O'Neill*, 440 S.W.2d 265, 266 (Ky. 1969) ("The statute dealing with notices to cities must be strictly complied with"). Here, Creamer failed to strictly comply with *all* notice requirements of the statute.

As seen on the face of the letter, Creamer notified the City that she was injured. She informed the City of the specific location where her injury occurred and the date of her injury. And she informed the City that a claim for monetary damages was forthcoming. The letter containing this information was received by the City within 90 days of the date of her injury. Arguing substantial

compliance, Creamer believes that this was sufficient to satisfy the notice requirements of KRS 411.110.

KRS 411.110 requires some description of the injury. Merely stating that Creamer sustained "an injury" is insufficient. She must give notice to the City of the "character"[4] of the injury to allow the City to investigate and evaluate the potential liability and damages arising from the accident. The circuit court used the synonym of *nature* of the injury when addressing the character of injury requirement of the statute.

In *Verst*, the plaintiff provided sufficient notice to the mayor by stating she was injured due to a defective sidewalk that resulted in a *broken hip and other injuries. Verst*, 213 S.W.2d at 518. Here, Creamer's notice only stated she had a claim of "injuries." There is no reference to the part of the body injured, *i.e.*, no reference to the "character" or nature of the injury. While KRS 411.110 does not require Creamer to explicitly *detail* her injury, it does require *some* description of the injury to satisfy statutory notice requirements.

The circuit court proceedings focused on the character of the injury requirement. We note that the circumstances requirement also was not satisfied.

---

[4] Character is defined as "a distinguishing attribute or feature[.]" *Character*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/character. (last visited May 6, 2026). To hold that simply saying that an injury occurred is sufficient would ignore the word character in the statute.

*Verst* suggested that just saying an injury occurred because of a "defective condition of the sidewalk" could be enough notice of the circumstances of the injury. *Verst*, 213 S.W.2d at 518. Creamer did not state that there was any defect causing an injury. In *Berry v. City of Louisville*, 249 S.W.2d 818 (Ky 1952), the failure to provide some description of the defect was fatal to the claim. The court in *O'Neill* clarified that there must be some description of the hazardous condition claimed which caused the injury. *O'Neill*, 440 S.W.2d at 266. Creamer also failed to comply with this separate requirement.

The statute has more than one recognized purpose. One purpose is to give a city an opportunity to investigate the scene of an accident and correct any defective condition, if such exists. But, as Creamer recognizes at page four of her Appellant's Brief, another purpose is to enable a city to investigate and evaluate the case so that, if liability exists, a city might have an opportunity to settle it without long and expensive litigation, and to give cities an opportunity to protect funds against unjust and illegal claims. *O'Neill*, 440 S.W.2d at 266. Such information would have provided the City here the opportunity to consider the extent of the injuries and decide whether to attempt settlement of the action or proceed with potentially costly litigation.[5] Public policy encourages prompt

---

[5] When the statute was initially enacted, the claims would have been made more directly against the city treasury. We should not ignore the modern reality of city's having purchased liability

resolution of claims, and pre-litigation decisions may be based on whether the nature of alleged injuries fall outside the normal scope of a slip and fall accident.

Creamer argues that her injuries were sustained only a few days before the notice was sent and that medical professionals were still conducting evaluations and treatment to determine the extent of the damage, making it impossible to provide a comprehensive assessment of her condition at the time the notice was sent. Yet the statute allows 90 days to provide notice of injury to the City. The wording of the statute and this time limit make it clear that a comprehensive medical assessment is not required nor expected – just a basic description of what was hurt.

If Creamer had wanted to provide a more specific medical description, she had time to avail herself, and the City, of at least some description of the character of her injury prior to the deadline for sending the notice letter. She did not have to have a comprehensive medical report written for litigation purposes. An initial assessment that she hurt her foot, leg, or hip, for example, could have been stated.

Creamer also argues that this Court should adopt the approach followed by courts elsewhere that notice statutes such as KRS 411.110 should be

insurance to protect against unplanned expenditures of city funds and the requirements of such contracts for sufficient notice under the law for coverage.

interpreted and decided based on the basic purpose underlying the notice statute rather than on strict compliance. This argument ignores that the statute has more than one purpose as we have explained.

The argument relies heavily on the dissenting opinion in our unpublished decision in *Sturgill v. City of Owenton*, No. 2015-CA-000586-MR, 2017 WL 4082894 (Ky. App. Sep. 15, 2017). The argument insists that the sufficiency of the notice under KRS 411.110 should be based only on the *timing* it was given as this is the main purpose of the statute, rather than on whether every single detail expressed by the statute is included.

A dissent in an unpublished case has no precedential value, and as the majority noted in *Sturgill*, at *2:

> Because the legislature does not have to allow an injured person a remedy against a city, it is entitled to limit that remedy by requiring reasonable notice of the claim; it has so provided in KRS 411.110. *City of Irvine v. Cox*, 296 Ky. 680, 682, 178 S.W.2d 199, 200 (1944). Therefore, courts are bound by the express terms of the statute regarding permission to sue a city and have no authority to provide any exceptions to strict compliance with the statutory language. *Baldridge*, 613 S.W.2d at 431; *Wellman v. City of Owensboro*, 282 S.W.2d 628, 630 (Ky. 1955).

We are not free to ignore eighty years of precedent from Kentucky's highest court, even if we felt that substantial compliance should suffice, and, for the reasons we have stated, we do not agree with the analysis suggesting that there

should be this delineation between what in the statute calls for strict compliance and what does not. While the legislature can eliminate the words character and circumstances from the statute if it so chooses, judges may not.

While Creamer's notice provided some statutorily mandated information, it did not provide the City with information as to the "character and circumstances of the injury" as strictly required by KRS 411.110. This was an essential prerequisite to the filing of a lawsuit against the City. Creamer failed to state a claim upon which relief could be granted.

## CONCLUSION

Finding no error in the Order dismissing Appellant's Amended Complaint for failure to state a claim upon which relief could be granted, the Campbell Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Dennis C. Mahoney
Joshua R. Kemme
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Jeffrey C. Mando
Shelbi L. Shultz
Covington, Kentucky